DAVID SHONKA
Acting General Counsel

Ethan Arenson, DC # 473296
Carl Settlemyer, DC # 454272
Philip Tumminio, DC # 985624
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, DC 20580
(202) 326-2204 (Arenson)
(202) 326-2019 (Settlemyer)
(202) 326-2004 (Tumminio)
(202) 326-3395 *facsimile*
earenson@ftc.gov
csettlemyer@ftc.gov
ptumminio@ftc.gov

Attorneys for Plaintiff Federal Trade Commission

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
## San Jose Division

| | |
|---|---|
| **Federal Trade Commission,**<br><br>Plaintiff,<br><br>v.<br><br>**Pricewert LLC d/b/a 3FN.net, Triple Fiber Network, APS Telecom, APX Telecom, APS Communications, and APS Communication,**<br><br>Defendant. | Case No. _____<br><br>Date: To Be Determined<br>Time: To Be Determined<br>Place: To be Determined<br><br>**PLAINTIFF'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

Plaintiff, Federal Trade Commission ("the Commission" or "FTC"), having filed a Complaint for Injunctive and Other Equitable relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b) (2006), hereby moves pursuant to Local Rules 7-2, 7-10, and 65-1, on an *ex parte* basis without notice to Defendant for an *Ex Parte* Temporary Restraining Order and Order to Show Cause why a preliminary injunction should not

issue against defendant, Pricewert LLC d/b/a 3FN.net, Triple Fiber Network, APS Telecom, APX Telecom, APS Communications, and APS Communication ("Pricewert").[1] The hearing on this motion will be held on a date and at a time to be determined by the Court.

Specifically, the FTC requests that this Court enter the accompanying proposed *Ex Parte* Temporary Restraining Order and Order to Show Cause (the "Proposed Order"). The Proposed Order would temporarily enjoin Defendant from engaging in certain unfair acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) (2006), namely: recruiting or willingly distributing or hosting electronic code or content that inflicts harm upon consumers, including but not limited to, child pornography, botnet command and control servers, spyware, viruses, trojan horses, and phishing-related sites; and configuring, deploying, operating, or otherwise participating in or otherwise willingly facilitating, any network of compromised computers ("botnet"). The Proposed Order would also temporarily, *inter alia*: disconnect Defendant's computer servers from the Internet by requiring Defendant's data centers and upstream Internet service providers to deny further connectivity to the Defendant; freeze Defendant's assets; require that Defendant provide an accounting; require that Defendant provide the Commission access to certain business records; allow expedited discovery; require the Defendant to preserve records; and grant ancillary relief.[2] Further, the Proposed Order would require the Defendant to appear before this Court, at a date and time to be determined by the Court, to show cause, if there is any, why this Court should not enter a Preliminary Injunction, pending final ruling on the Complaint against the Defendant, enjoining it from further violations of Section 5(a) of the Federal Trade Commission Act, continuing the freeze of its assets, and imposing such additional relief as may be appropriate.

---

[1] Fed. R. Civ. P. 65(b)(1) and permits the use of an *ex parte* motion to obtain the relief sought herein.

[2] No security is required for issuance of a temporary restraining order or preliminary injunction in this case because the FTC is an agency of the United States. *See* Fed. R. Civ. P. 65(c).

1   In support of this Motion, the Commission submits the accompanying Memorandum of
2   Points and Authorities, and supporting Certification and Declaration of Plaintiff's Counsel Ethan
3   Arenson. It also submits supporting declarations and exhibits provided by: Andre DiMino;
4   Sheryl Drexler; Steve Linford; Sarah Ohlsen, Dean Turner; Gary Warner, and Sean Zadig. As
5   discussed in detail in those documents, Defendant operates as a "rogue" Internet Service
6   Provider that recruits, knowingly hosts, and actively participates in the distribution of illegal,
7   malicious, and harmful electronic content. It has recruited and willingly distributed and/or
8   hosted electronic code or content that inflicts harm upon consumers, including, but not limited
9   to, child pornography, botnet command and control servers, spyware, viruses, trojans, and
10  phishing-related sites. Pricewert has also collaborated with bot herders to configure, deploy, or
11  operate botnets comprised of hundreds of thousands of compromised computers. Its ongoing
12  practices are unfair and therefore violate Section 5(a) of the FTC Act.

13  Because of the overwhelming evidence of Pricewert's unlawful activities, described
14  above, the Commission is likely to succeed on the ultimate merits of its claims. The evidence
15  also demonstrates that the balance of the equities tips decidedly in the Commission's favor, and
16  harm to the public interest may be presumed from a violation of Section 5. As is also discussed
17  in more detail in the Memorandum, Section 13(b) of the FTC Act gives the Commission the
18  authority to seek, and gives the district court the authority to grant, the injunctive relief and
19  ancillary relief requested in this Motion.

20  The interests of justice require that this *ex parte* Motion be heard without notice, pursuant
21  to Fed. R. Civ. P. 65(b) and Local Rule 7-10. As explained more fully in the accompanying
22  Memorandum, Certification and Declaration of Plaintiff's Counsel Ethan Arenson, and the
23  Commission's concurrently filed *Ex Parte* Motion for Order Temporarily Sealing the Entire file
24  and Memorandum in Support Thereof, advance notice of this action to Pricewert would likely
25  result in Pricewert relocating or destroying the harmful and malicious code and content it hosts
26  and/or warning its criminal clientele of this action, and dissipating or concealing assets or
27  evidence before third parties can take the prophylactic actions to be required of them under the
28

Plaintiff's *Ex Parte* Motion
For Temporary Restraining Order          Page 3 of 4

requested temporary restraining order. Such actions would cause immediate and irreparable damage to the Court's ability to consider this case and the Commission's efforts to halt Defendant's unlawful activities and require that Defendant disgorge its ill-gotten gains. For these reasons, the Commission has not provided notice of this Motion to the Defendant.

WHEREFORE, for the reasons stated above, the Commission respectfully requests that the Court grant this Motion and issue the accompanying proposed *Ex Parte* Temporary Restraining Order and Order to Show Cause.[3]

Dated: June 1, 2009.

Respectfully submitted:

DAVID SHONKA
Acting General Counsel

Ethan Arenson, DC # 473296
Carl Settlemyer, DC # 454272
Philip Tumminio, DC # 985624
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, DC 20580
(202) 326-2204 (Arenson)
(202) 326-2019 (Settlemyer)
(202) 326-2004 (Tumminio)
(202) 326-3395 *facsimile*
earenson@ftc.gov
csettlemyer@ftc.gov
ptumminio@ftc.gov

Attorneys for Plaintiff

---

[3] The Commission is also concurrently filing a motion for leave to file a memorandum in support of the instant Motion in excess of twenty-five pages.