1  DAVID SHONKA
   Acting General Counsel
2
   Ethan Arenson, DC # 473296
3  Carl Settlemyer, DC # 454272                    **E-Filed on 6/15/09**
   Philip Tumminio, DC # 985624
4  Federal Trade Commission
   600 Pennsylvania Avenue, N.W.
5  Washington, DC 20580
   (202) 326-2204 (Arenson)
6  (202) 326-2019 (Settlemyer)
   (202) 326-2204 (Tumminio)
7  (202) 326-3395 *facsimile*
   earenson@ftc.gov
8  csettlemyer@ftc.gov
   ptumminio@ftc.gov
9
   Attorneys for Plaintiff Federal Trade Commission
10

11              **UNITED STATES DISTRICT COURT**
              **NORTHERN DISTRICT OF CALIFORNIA**
12                    **San Jose Division**

13

14 | **Federal Trade Commission,** |
   |
15 |    **Plaintiff,** |                    **Case No. C-09-2407 RMW**
   |
16 |         **v.** |
   |
17 | **Pricewert LLC d/b/a 3FN.net, Triple Fiber** |   **PRELIMINARY INJUNCTION**
   | **Network,  APS Telecom and APX Telecom,** |
18 | **APS Communications, and APS** |
   | **Communication,** |
19 |
   |    **Defendant.** |
20

21         Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), pursuant to Section

22 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), has filed a

23 Complaint for Injunctive and Other Equitable Relief, and moved *ex parte* for a temporary

24 restraining order and for an order to show cause why a preliminary injunction should not be

25 granted pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.  On June 2, 2009, this

26 Court granted the Commission's motion and entered a Temporary Restraining Order and Order to

27 Show Cause against Defendant Pricewert LLC also d/b/a 3FN.net, Triple Fiber Network, APS

28 Telecom and APX Telecom, APS Communications, and APS Communication (D.E. 12).  On

   June 5, 2009 the court directed the FTC to submit a proposal for expeditiously addressing the

1  concerns of innocent third parties who claimed to be suffering harm as a result of the Temporary

2  Restraining Order.  This request was prompted by written communication to the court by two non-

3  parties.  The hearing on the Order to show Cause as to why a preliminary injunction should not

4  issue was held on June 15, 2009.  The FTC appeared through its counsel Ethan Arenson and

5  Philip Tumminio.  Karl S. Kronenberger of Kronenberger Burgoyne, LLP appeared on behalf of

6  third parties Suren Ter-Saakov and Tsuren LLC.  Although the court had received communication

7  from Max Christopher who was identified as "Defendant's authorized representative and

8  interpreter" indicating that counsel for defendant or a representative would appear, no one

9  appeared on behalf of defendant.   After reviewing the papers and hearing the comments of

10  counsel, the Court makes the following findings and orders.

## FINDINGS

13       The court has considered the pleadings, declarations, exhibits, and memoranda filed in

14  support of the Commission's motion for a preliminary injunction and finds that:

15       1.       This court has jurisdiction over the subject matter of this case and there is good

16              cause to believe that it will have jurisdiction over all parties hereto; the Complaint

17              states a claim upon which relief may be granted against the Defendant under

18              Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) (2006).

19       2.       There is good cause to believe that Pricewert LLC also d/b/a 3FN.net, Triple Fiber

20              Network, APS Telecom and APX Telecom, APS Communications, and APS

21              Communication (the "Defendant"), has engaged in and is likely to engage in acts or

22              practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) (2006), and

23              that the Commission is, therefore, likely to prevail on the merits of this action;

24       3.       There is good cause to believe that immediate and irreparable harm will result from

25              the Defendant's ongoing violations of Section 5(a) of the FTC Act unless the

26              Defendant is restrained and enjoined by Order of this court.  The evidence set forth

27              in the Commission's Memorandum of Law in Support of *Ex Parte* Motion for

28              Temporary Restraining Order and Order to Show Cause ("TRO Motion"), and the

accompanying declarations and exhibits, demonstrates that the Commission is likely to prevail on its claim that Defendant has engaged in unfair acts or practices in violation of Section 5(a) of the FTC Act by: recruiting, distributing and hosting electronic code or content that inflicts harm upon consumers, including, but not limited to, child pornography, botnet command and control servers, spyware, viruses, trojans, and phishing-related sites; and configuring, deploying, and operating botnets. There is good cause to believe that the Defendant will continue to engage in such unlawful actions if not immediately restrained from doing so by Order of this court;

4.  There is good cause to believe that immediate and irreparable damage to this court's ability to grant effective final relief will result from the sale, transfer, or other disposition or concealment by the Defendant of its assets, business records, or other discoverable evidence. Based on the evidence cited in the Commission's TRO Motion and accompanying declarations and exhibits, the Commission is likely to be able to prove that: (1) the Defendant has operated through a series of maildrops and shell companies, with a principal place of business and its principals located outside of the United States; (2) the Defendant has continued its unlawful operations unabated despite requests from the Internet security community to cease its injurious activities; and (3) the Defendant is engaged in activities that directly violate U.S. law and cause significant harm to consumers;

5.  There is good cause to believe that the Defendant, which is controlled by individuals outside of the United States, has engaged in illegal activity using Data Centers and Upstream Service Providers based in the United States and that to immediately halt the injury caused by Defendant, such Data Centers and Upstream Service Providers must be ordered to immediately disconnect or to maintain disconnection of Defendant's computing resources from the Internet, prevent the Defendant and others from accessing such computer resources, and prevent the destruction of data located on these computer resources;

3

6.   Weighing the equities and considering the Plaintiff's likelihood of ultimate success, this Order is in the public interest; and

7.   Fed. R. Civ. P. 65(c) does not require security of the United States or an officer or agency thereof for the issuance of a preliminary injunction.

## DEFINITIONS

For the purpose of this order, the following definitions shall apply:

1.   **"Assets"** means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property of Defendant or held for the benefit of Defendant wherever located, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares of stock, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), cash, and trusts, including but not limited to any other trust held for the benefit of Defendant.

2.   **"Botnet"** means a network of computers that have been compromised by malicious code and surreptitiously programmed to follow instructions issued by a Botnet Command and Control Server.

3.   **"Botnet Command and Control Server"** means a computer or computers used to issue instructions to, or otherwise control, a Botnet.

4.   The term **"Child Pornography"** shall have the same meaning as provided in 18 U.S.C. § 2256.

5.   **"Data Center"** means any person or entity that contracts with third parties to house computer servers and associated equipment, and provides the infrastructure to support such equipment, such as power or environmental controls.

6.   **"Day"** shall have the meaning prescribed by and time periods in this Order shall be calculated pursuant to Fed. R. Civ. P. 6(a).

4

7.   **"Defendant"** means Pricewert LLC also d/b/a 3FN.net, Triple Fiber Network, APS Telecom, APX Telecom, APS Communications, APS Communication, and any other names under which it does business, and any subsidiaries, corporations, partnerships, or other entities directly or indirectly owned, managed, or controlled by Pricewert LLC.

8.   **"Document"** is synonymous in meaning and equal in scope to the usage of the term in the Federal Rules of Civil Procedure 34(a), and includes writing, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence, including e-mail and instant messages, photographs, audio and video recordings, contracts, accounting data, advertisements (including, but not limited to, advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings, World Wide Web pages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, and other data compilations from which information can be obtained and translated.  A draft or non-identical copy is a separate document within the meaning of the term.

9.   **"Phishing"** means the use of email, Internet web sites, or other means to mimic or copy the appearance of a trustworthy entity for the purpose of duping consumers into disclosing personal information, such as account numbers and passwords.

10.  **"Representatives"** means the following persons or entities who receive actual notice of this preliminary injunction by personal service or otherwise: (1) the Defendant's officers, agents, servants, employees, and attorneys; and (2) all other persons who are in active concert or participation with Defendant or its officers, agents, servants, employees, or attorneys.  A Data Center or Upstream Service Provider that continues to provide services to Defendant after receiving actual

1    notice of this preliminary injunction is a Representative.

2    11.    **"Spyware"** means any type of software that is surreptitiously installed on a

3    computer and, without the consent of the user, could collect information from a

4    computer, could allow third parties to control remotely the use of a computer, or

5    could facilitate botnet communications.

6    12.    **"Trojan Horse"** means a computer program with an apparent or actual useful

7    function that contains additional, undisclosed malicious code, including but not

8    limited to spyware, viruses, or code that facilitates the surreptitious download or

9    installation of other software code.

10   13.    **"Upstream Service Provider"** means any entity that provides the means to

11   connect to the Internet, including, but not limited to, the subleasing of Internet

12   Protocol addresses.

13   14.    **"Viruses"** means computer programs designed to spread from one computer to

14   another and to interfere with the operation of the computers they infect.

15

16                        **PROHIBITED BUSINESS ACTIVITIES**

17                                        **I.**

18       **IT IS THEREFORE ORDERED** that, Defendant and its Representatives are

19   preliminarily restrained and enjoined from recruiting or willingly distributing or hosting Child

20   Pornography, Botnet Command and Control Servers, Spyware, Viruses, Trojan Horses, Phishing-

21   related sites, or similar electronic code or content that inflicts harm upon consumers.

22                                        **II.**

23       **IT IS FURTHER ORDERED** that Defendant and its Representatives are preliminarily

24   restrained and enjoined from configuring, deploying, operating, or otherwise participating in or

25   otherwise willingly facilitating, any Botnet.

26

27

28

                                          6

1    **SUSPENSION OF INTERNET CONNECTIVITY**

2    **III.**

3    **IT IS FURTHER ORDERED** that, pending resolution of the merits of this case, that:

4    A.    Any Data Center in active concert or participation with and providing services to

5    Defendant or Defendant's officers, agents, servants, or employees shall, if it has not already done

6    so in compliance with the Temporary Restraining Order previously issued in this case, immediately

7    and without prior notification to Defendant or Defendant's officers, agents, servants, or employees,

8    take all reasonable and necessary steps to make inaccessible to the Defendant and all other persons,

9    except as otherwise ordered herein, all computers, servers or electronic data storage devices or

10   media and the content stored thereupon (hereafter "computer resources"), leased, owned or

11   operated by Defendant or Defendant's officers agents, servants, or employees and located on

12   premises owned by, or within the control of, the Data Center and shall, if it has already taken such

13   steps in compliance with the Temporary Restraining Order previously issued in this case, continue

14   to make those computer resources inaccessible to the Defendant and all other persons, except as

15   otherwise ordered herein.  Such steps shall, at a minimum, include:

16        1.    disconnecting such computer resources from the Internet and all other networks;

17        2.    securing the area where such computer resources are located in a manner reasonably

18              calculated to deny access to the Defendant and its officers, agents, servants, or

19              employees; and

20        3.    if such Data Center restricts access to its facilities by means of access credentials,

21              suspending all access credentials issued to Defendant or Defendant's officers,

22              agents, servants, or employees;

23   B.    Any Upstream Service Provider in active concert or participation with and

24   providing services to Defendant or Defendant's officers, agents, servants, or employees shall, if it

25   has not already done so in compliance with the Temporary Restraining Order previously issued in

26   this case, immediately, and without notifying Defendant or Defendant's officers, agents, servants,

27   or employees in advance, take all reasonable and necessary steps to deny Internet connectivity to

28   the Defendant and Defendant's officers, agents, servants, and employees, including, but not limited

7

1  to, suspending any IP addresses assigned to the Defendant or Defendant's officers, agents, servants,
2  or employees by the Upstream Service Provider, and refraining from reassigning such IP addresses,
3  and shall, if it has already taken such steps in compliance with the Temporary Restraining Order
4  previously issued in this case, continue to deny Internet connectivity to the Defendant and
5  Defendant's officers, agents, servants, and employees;

6       C.      Any Data Center or Upstream Service Provider described in subparagraphs A and B
7  above providing services to Defendant or Defendant's officers, agents, servants, or employees,
8  shall preserve and retain documents relating to the Defendant or the Defendant's officers, agents,
9  servants, or employees; and

10      D.      Agents of the Commission and other law enforcement agencies are permitted to
11  enter the premises of any of Defendant's Data Centers and Upstream Service Providers described
12  in subparagraph A and B above to serve copies of this Order and to verify that the Data Centers
13  and Upstream Service Providers have taken the reasonable and necessary steps described in sub-
14  paragraphs A and B of this Paragraph.

15  *Provided, however,* nothing in Paragraph III shall be interpreted to deny access to any law
16  enforcement agency granted access pursuant to a court order, search warrant, or other lawful
17  process, or to deny access to any receiver appointed by this court.

18

19                          **ASSET FREEZE**

20                              **IV.**

21      **IT IS FURTHER ORDERED** that the Defendant and its Representatives are hereby
22  preliminarily restrained and enjoined from:

23      A.      Transferring, liquidating, converting, encumbering, pledging, loaning, selling,
24  concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security
25  interest or other interest in, or otherwise disposing of any funds, real or personal property,
26  accounts, contracts, consumer lists, shares of stock, or other assets, or any interest therein,
27  wherever located, that are: (1) owned or controlled by the Defendant, in whole or in part, for the
28  benefit of the Defendant; (2) in the actual or constructive possession of the Defendant; or (3)

1 owned, controlled by, or in the actual or constructive possession of any corporation, partnership, or

2 other entity directly or indirectly owned, managed, or controlled by the Defendant, including, but

3 not limited to, any assets held by or for, or subject to access by, the Defendant, at any bank or

4 savings and loan institution, or with any broker-dealer, escrow agent, title company, commodity

5 trading company, precious metals dealer, or other financial institution or depository of any kind;

6 and

7         B.      Opening or causing to be opened any safe deposit boxes titled in the name of the

8 Defendant, or subject to access by the Defendant.

9     *Provided, however,* that the assets affected by Paragraph IV shall include: (1) all of the

10 assets of the Defendant existing as of the date this Order was entered; and (2) for assets obtained

11 after the date this Order was entered, only those assets of the Defendant that are derived from

12 conduct prohibited in Paragraphs I and II of this Order.

13

14                                **FINANCIAL REPORTS AND ACCOUNTING**

15                                              **V.**

16     **IT IS FURTHER ORDERED** that the Defendant, if it has not already done so in

17 compliance with the Temporary Restraining Order previously issued in this case, shall within five

18 (5) business days of receiving notice of this Order provide the Commission with completed

19 financial statements, verified under oath and accurate as of the date of entry of this Order, on the

20 forms attached to this Order as **Attachment A.**

21

22                   **RETENTION OF ASSETS AND PRODUCTION OF RECORDS**
                            **BY FINANCIAL INSTITUTIONS**

23                                         **VI.**

24     **IT IS FURTHER ORDERED** that, any financial or brokerage institution, business entity,

25 or person served with a copy of this Order that holds, controls, or maintains custody of any account

26 or asset of the Defendant, or has held, controlled or maintained custody of any such account or

27 asset at any time prior to the date of entry of this Order, shall:

28

1      A.  Hold and retain within its control and prohibit the withdrawal, removal, assignment,

2  transfer, pledge, encumbrance, disbursement, dissipation, conversion, sale, or other disposal of any

3  such asset except by further order of the court; and

4      B.  Deny all persons access to any safe deposit box that is:

5           1.     titled in the name of the Defendant; or

6           2.     otherwise subject to access by Defendant.

7

8                 **FOREIGN ASSET REPATRIATION AND ACCOUNTING**

9                                    **VII.**

10    **IT IS FURTHER ORDERED** that:

11      A.     Defendant and its Representatives shall, if it has not already done so in compliance

12  with the Temporary Restraining Order previously issued in this case, immediately upon service of

13  this Order, or as soon as relevant banking hours permit, transfer to the territory of the United States

14  to a blocked account whose funds cannot be withdrawn without further order of the court all funds

15  and assets in foreign countries held: (1) by Defendant; (2) for its benefit; or (3) under its direct or

16  indirect control, jointly or singly; and

17      B.     Defendant shall, if it has not already done so in compliance with the Temporary

18  Restraining Order previously issued in this case, within five (5) business days of receiving notice

19  of this Order provide the Commission with a full accounting, verified under oath and accurate as of

20  the date of this Order, of all funds, documents, and assets outside of the United States which are:

21  (1) titled in the Defendant's name; or (2) held by any person or entity for the benefit of the

22  Defendant; or (3) under the direct or indirect control, whether jointly or singly, of the Defendant;

23  and

24      C.     Defendant and its Representatives are preliminarily restrained and enjoined from

25  taking any action, directly or indirectly, which may result in the encumbrance or dissipation of

26  foreign assets, including but not limited to:

27           1.     Sending any statement, letter, fax, e-mail or wire transmission, telephoning or

28                  engaging in any other act, directly or indirectly, that results in a determination by a

1    foreign trustee or other entity that a "duress" event has occurred under the terms of a

2    foreign trust agreement; or

3    2.    Notifying any trustee, protector or other agent of any foreign trust or other related

4          entities of the existence of this Order, or that an asset freeze is required pursuant to

5          a court Order, until such time that a full accounting has been provided pursuant to

6          this Paragraph.

8    **ACCESS TO BUSINESS RECORDS**

9    **VIII.**

10   **IT IS FURTHER ORDERED** that the Defendant, if it has not already done so in

11   compliance with the Temporary Restraining Order previously issued in this case, shall allow the

12   Commission's representatives, agents, and assistants access to the Defendant's business records to

13   inspect and copy documents.  Accordingly, the Defendant shall, within forty-eight (48) hours of

14   receiving notice of this Order, produce to the Commission and the Commission's representatives,

15   agents, and assistants for inspection, inventory, and/or copying, at Federal Trade Commission, 600

16   Pennsylvania Avenue NW, Room H-286, Washington DC 20580, Attention: Ethan Arenson, the

17   following materials: (1) all client information, including, but not limited to, names, phone

18   numbers, addresses, email addresses, and payment information for all clients of Defendant's

19   services; (2) contracts; (3) correspondence, including, but not limited to, electronic correspondence

20   and Instant Messenger communications, that refer or relate to the Defendant's services; and (4)

21   accounting information, including, but not limited to, profit and loss statements, annual reports,

22   receipt books, ledgers, personal and business canceled checks and check registers, bank statements,

23   and appointment books.

24   *Provided, however,* this Paragraph excludes any record or other information pertaining to a

25   subscriber or customer of an electronic communications service or a remote computing service as

26   those terms are defined in the Electronic Communications Privacy Act, 18 U.S.C. § 2703(c)

27   (2006).

28

1      The Commission shall return produced materials pursuant to this Paragraph within five (5)

2 days of completing said inventory and copying.

3

4 <center>**COMMENCEMENT OF DISCOVERY**</center>

5 <center>**IX.**</center>

6      **IT IS FURTHER ORDERED** that pursuant to Federal Rules of Civil Procedure 30(a),

7 31(a), 34, and 45, and notwithstanding the provisions of Federal Rules of Civil Procedure 26(d)

8 and (f), 30(a)(2)(A)-(C), and 31(a)(2)(A)-(C), the Commission is granted leave, at any time after

9 entry of this Order, to commence discovery.

10

11 <center>**PRESERVATION OF RECORDS**</center>

12 <center>**X.**</center>

13      **IT IS FURTHER ORDERED** that the Defendant and its Representatives are hereby

14 preliminarily restrained and enjoined from destroying, erasing, mutilating, concealing, altering,

15 transferring, writing over, or otherwise disposing of, in any manner, directly or indirectly, any

16 documents or records of any kind that relate to the business practices or business finances of the

17 Defendant, including but not limited to, computerized files and storage media on which

18 information has been saved (including, but not limited to, hard drives, DVDs, CD-ROMS, zip

19 disks, floppy disks, punch cards, magnetic tape, backup tapes, and computer chips), and any and all

20 equipment needed to read any such documents or records, FTP logs, Service Access Logs,

21 USENET Newsgroup postings, World Wide Web pages, books, written or printed records,

22 handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business

23 canceled checks and check registers, bank statements, appointment books, and other documents or

24 records of any kind that relate to the business practices or finances of the Defendant or its officers,

25 agents, servants, or employees.

26

27

28

<center>12</center>

1

**RECORD KEEPING/BUSINESS OPERATIONS**

2

**XI.**

3      **IT IS FURTHER ORDERED** that the Defendant is hereby preliminarily restrained and

4  enjoined from:

5          A.      Failing to maintain documents that, in reasonable detail, accurately, fairly, and

6  completely reflect its income, disbursements, transactions, and use of money; and

7          B.      Creating, operating, or exercising any control over any business entity, including

8  any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first

9  providing the Commission with a written statement disclosing:  (1) the name of the business entity;

10 (2) the address and telephone number of the business entity; (3) the names of the business entity's

11 officers, directors, principals, managers and employees; and (4) a detailed description of the

12 business entity's intended activities.

13

14

**DISTRIBUTION OF ORDER BY DEFENDANT**

15

**XII.**

16      **IT IS FURTHER ORDERED** that the Defendant shall immediately provide a copy of this

17 Order to each of its subsidiaries, Upstream Service Providers, Data Centers, divisions, sales

18 entities, successors, assigns, officers, directors, employees, independent contractors, client

19 companies, agents, and attorneys, and shall, within ten (10) calendar days from the date of entry of

20 this Order, provide the Commission with a sworn statement that it has complied with this provision

21 of the Order, which statement shall include the names, physical addresses, and e-mail addresses of

22 each such person or entity who received a copy of the Order.

23

24

**SERVICE OF ORDER**

25

**XIII.**

26      **IT IS FURTHER ORDERED** that copies of this Order may be served by any means

27 authorized by law, including facsimile transmission, upon any financial institution or other entity

28 or person that may have possession, custody, or control of any documents of the Defendant, or that

1   may otherwise be subject to any provision of this Order.

2

3                       **SERVICE UPON THE COMMISSION**

4                                  **XIV.**

5       **IT IS FURTHER ORDERED** that, with regard to any correspondence or pleadings related

6   to this Order, service on the Commission shall be performed by overnight mail delivery to the

7   attention of Ethan Arenson at the Federal Trade Commission, 600 Pennsylvania Avenue, NW,

8   Room H-286, Washington, DC 20580.

9

10                            **MODIFICATION OF ORDER**

11                                 **XV.**

12       The court has concerns about the potential hardship this Order may impose on the

13   defendant and others, arising from information provided by the defendant and a few third-parties

14   who have communicated with the court.  By Order made contemporaneously with this Order, the

15   court has appointed a receiver to expeditiously deal with any claim by a third party that it has

16   suffered harm as a result of the restraining order or will suffer harm as a result of this Preliminary

17   Injunction.  The court has also noted in the submission by Max Christopher, defendant's purported

18   representative, that defendant "is not going to hide or not appear in court," that "defendant always

19   has been willing to cooperate with authorities and is ready to assist the investigation" and is "ready

20   to cooperate and provide any information [it has] on its servers."  Further, the submission by Mr.

21   Christopher notes that the asset freeze has limited defendant's opportunities to obtain legal

22   representation and defend and respond.  Therefore, **IT IS FURTHER ORDERED** that defendant

23   may, on  48 hours' notice to parties who have appeared, seek modification of this Order including

24   immediate release of funds necessary to pay for legal representation on behalf of defendant.

25

26                         **RETENTION OF JURISDICTION**

27                               **XIV.**

28       **IT IS FURTHER ORDERED** that this court shall retain jurisdiction of this matter for all

1  purposes.  No security is required of any agency of the United States for the issuance of a
2  preliminary injunction.  Fed. R. Civ. P. 65(c).

3       **SO ORDERED,** this ___15th__ day of __June___, 2009.

4

5

6       *Ronald M Whyte*

7       RONALD M. WHYTE
        United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Ethan Arenson                    earenson@ftc.gov
Carl Settlemeyer                 csettlemyer@ftc.gov
Philip Tumminio                  ptumminio@ftc.gov


**Counsel for Defendants:**

(no appearance)

**Counsel for Proposed Intervenors**:

Karl Stephen Kronenberger        karl@KBInternetlaw.com
Jeffrey Michael Rosenfeld        Jeff@KBInternetlaw.com


Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.




**Dated:**    6/15/09                          TER
                                    **Chambers of Judge Whyte**

16

# ATTACHMENT A

## FEDERAL TRADE COMMISSION

## FINANCIAL STATEMENT OF CORPORATE DEFENDANT

**Instructions:**

1.   Complete all items. Enter "None" or "N/A" ("Not Applicable") where appropriate. If you cannot fully answer a question, explain why.

2.   In completing this financial statement, "the corporation" refers not only to this corporation but also to each of its predecessors that are not named defendants in this action.

3.   When an Item asks for information about assets or liabilities "held by the corporation," include <u>ALL</u> such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.

4.   Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number being continued.

5.   Type or print legibly.

6.   An officer of the corporation must sign and date the completed financial statement on the last page and initial each page in the space provided in the lower right corner.

**Penalty for False Information:**

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration." (18 U.S.C. § 1623)

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

## BACKGROUND INFORMATION

**Item 1.**          **General Information**

Corporation's Full Name _____

Primary Business Address _____ From (Date) _____

Telephone No. _____ Fax No. _____

 E-Mail Address_____ Internet Home Page_____

All other current addresses & previous addresses for past five years, including post office boxes and mail drops:

Address_____ From/Until_____

Address_____ From/Until_____

Address_____ From/Until_____

All predecessor companies for past five years:

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

**Item 2.**          **Legal Information**

Federal Taxpayer ID No. _____ State & Date of Incorporation _____

State Tax ID No. _____ State _____ Profit or Not For Profit _____

Corporation's Present Status:  Active _____ Inactive _____ Dissolved _____

If Dissolved:  Date dissolved _____ By Whom _____

Reasons _____

Fiscal Year-End (Mo./Day) _____ Corporation's Business Activities _____

**Item 3.**          **Registered Agent**

Name of Registered Agent _____

Address _____ Telephone No. _____

Initials _____

**Item 4.**        **Principal Stockholders**

List all persons and entities that own at least 5% of the corporation's stock.

|  Name & Address | % Owned |
|---|---|

**Item 5.**        **Board Members**

List all members of the corporation's Board of Directors.

| Name & Address | % Owned | Term (From/Until) |
|---|---|---|

**Item 6.**        **Officers**

List all of the corporation's officers, including *de facto* officers (individuals with significant management responsibility whose titles do not reflect the nature of their positions).

| Name & Address | % Owned |
|---|---|

Initials _____

**Item 7.**        **Attorneys**

List all attorneys retained by the corporation during the last three years.

| Name | Firm Name | Address |
|------|-----------|---------|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

      I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court.  I have used my best efforts to obtain the information requested in this statement.  The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge.  I have provided all requested documents in my custody, possession, or control.  I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines).  I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____                    _____
(Date)                                         Signature


                                               _____
                                               Corporate Position

Page 4                                                         Initials _____