**United States District Court**
For the Northern District of California

**E-FILED on** 6/15/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Federal Trade Commission, | No. C-09-2407 RMW |
| Plaintiff, | |
| v. | ORDER APPOINTING TEMPORARY RECEIVER |
| Pricewert LLC also d/b/a 3FN.net, Triple Fiber Network, APS Telecom, APX Telecom, APS Communications, and APS Communication, | |
| Defendant. | |

## I. INTRODUCTION

On June 2, 2009, the court issued a temporary restraining order based on the ex parte application of plaintiff Federal Trade Commission ("FTC") that, among other things, ordered data centers and upstream service providers to disconnect defendant's computer resources from the internet and suspend Internet Protocol addresses assigned to defendant.  The court then received communications from third parties who were using defendant's hosting services for the third parties' websites which raised a significant concern that one or more innocent third parties may be suffering harm as a result of the TRO. In response to the court's June 5 order directing plaintiff FTC to file a proposal for expeditiously addressing concerns raised by third parties and minimizing, if reasonably feasible, any undue harm to innocent third parties, the FTC proposed the appointment of a temporary

ORDER APPOINTING TEMPORARY RECEIVER—No. C-09-2407 RMW
TER

receiver to be commissioned to resolve the third parties' requests for access to their content hosted on defendant's servers or computers. Since then, the court has received a communication from Max Christopher, who describes himself as an authorized representative of the defendant, through which the defendant represents its willingness to cooperate and provide any information it has regarding its servers. The court has also received communications from more than 20 third parties seeking access to their content. Although the number of third parties who have contacted the court is relatively modest, the court has some concern that there may likely be additional third parties who claim their legitimate internet activities have been disrupted by the temporary restraining order but who have not contacted the court or the FTC, whether due to language barriers or other logistical considerations.

The court conducted a hearing on June 15, 2009. The FTC appeared through its counsel Ethan Arenson and Philip Tumminio. Karl S. Kronenberger of Kronenberger Burgoyne, LLP appeared on behalf of third parties Suren Ter-Saakov and Tsuren LLC. Although the court had received communication from Max Christopher who was identified as "Defendant's authorized representative and interpreter" indicating that counsel for defendant or a representative would appear, no one appeared on behalf of defendant. For the reasons set forth below, and pursuant to the agreement of the parties at the hearing, the court finds that the appointment of a receiver is reasonable and appropriate, on the terms set forth below.

## II. STANDARD FOR APPOINTMENT OF RECEIVER

The district court has broad discretion in appointing a receiver and may consider a host of relevant factors, no single one of which is dispositive. *Canada Life Assurance Co. v. LaPeter*, 563 F.3d 837, 845 (9th Cir. 2009). Among other things, the court may consider whether there is an imminent danger of loss of property, the inadequacy of legal remedies, and whether harm to be caused by denying the appointment would outweigh harm to the party opposing the appointment of a receiver, if one is appointed. *Id.*; *Solis v. Matheson*, 563 F.3d 425, 438 (9th Cir. 2009).

In this case, the temporary restraining order appears to be causing some harm to one or more innocent third parties whose websites were hosted by defendant and whose websites have now been

disabled as a result of disconnecting defendant's servers from the internet. One such third party is Suren Ter-Saakov, who along with his company, Tsuren LLC, has sought to intervene for the purpose of obtaining a modification of the temporary restraining order to permit intervenors access to their content residing on defendant's servers. Intervenors contend that their legitimate businesses have been shut down by the disconnection of defendant's servers from the internet and that they are losing thousands of dollars each day as a result.

The harm to the proposed intervenors and any other similarly situated third parties is immediate and ongoing – their legitimate websites and business activities have been disrupted – and they may need obtain a copy of their content, from defendant's servers, in order to continue their website-based business activities. There is an ongoing and imminent danger that these innocent third parties will lose property if a temporary receiver is not appointed to assist them in obtaining a copy of their content stored on Defendant Data Centers. By contrast, appointing a temporary receiver for limited purposes of assisting innocent third parties obtain copies of their third party content would not impose any harm upon defendant. Moreover, the court is unaware of any other legal recourse the third parties would have to minimize the harm they are experiencing.

Appointing a temporary receiver, on the terms set forth herein, is reasonable and appropriate.

### III.  Appointment of Temporary Receiver

Having reviewed the FTC's proposal, this court finds that good cause exists to appoint a temporary receiver who can evaluate, subject to review by the court, the claims of third parties whose data is stored on Defendant Data Servers and coordinate the release of copies of such data to third parties whose data does not appear to relate to the conduct prohibited by the Temporary Restraining Order. Plaintiff shall transfer $25,000 directly to the Receiver to initially fund the Receiver's services, subject to later re-allocation, if appropriate.

### DEFINITIONS

For the purpose of this order, the following definitions shall apply:

1. "**Assets**" means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property of Defendant or held for the benefit of Defendant wherever located,

ORDER APPOINTING TEMPORARY RECEIVER—No. C-09-2407 RMW
TER                                                                 3

including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares of stock, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), cash, and trusts, including but not limited to any other trust held for the benefit of Defendant.

2. "**Botnet**" means a network of computers that have been compromised by malicious code and surreptitiously programmed to follow instructions issued by a Botnet Command and Control Server.

3. "**Botnet Command and Control Server**" means a computer or computers used to issue instructions to, or otherwise control, a Botnet.

4. The term "**Child Pornography**" shall have the same meaning as provided in 18 U.S.C. § 2256.

5. "**Data Center**" means any person or entity that contracts with third parties to house computer servers and associated equipment, and provides the infrastructure to support such equipment, such as power or environmental controls.

6. "**Day**" shall have the meaning prescribed by and time periods in this Order shall be calculated pursuant to Fed. R. Civ. P. 6(a).

7. "**Defendant**" means Pricewert LLC also d/b/a 3FN.net, Triple Fiber Network, APS Telecom, APX Telecom, APS Communications, APS Communication, and any other names under which it does business, and any subsidiaries, corporations, partnerships, or other entities directly or indirectly owned, managed, or controlled by Pricewert LLC.

8. "**Defendant Data Servers**" means computer servers and associated equipment owned, leased, or controlled by the Defendant stored in a Data Center subject to the Temporary Restraining Order, and any data stored on such computer servers or associated equipment.

9. "**Document**" is synonymous in meaning and equal in scope to the usage of the term in the Federal Rules of Civil Procedure 34(a), and includes writing, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence, including e-mail and instant messages, photographs, audio and video recordings, contracts, accounting data,

advertisements (including, but not limited to, advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings, World Wide Web pages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, and other data compilations from which information can be obtained and translated.  A draft or non-identical copy is a separate document within the meaning of the term.

10. "**Harmful Data**" means Child Pornography, botnet command and control servers or software, spyware, viruses, trojan horses, phishing-related data or software, or similar electronic code or content that inflicts harm upon consumers.

11. **"Phishing"** means the use of email, Internet web sites, or other means to mimic or copy the appearance of a trustworthy entity for the purpose of duping consumers into disclosing personal information, such as account numbers and passwords.

12. "**Receiver**" means the temporary receiver appointed in this Order and any deputy receivers that may be named by the temporary receiver;

13  **"Representatives"** means the following persons or entities who receive actual notice of the Temporary Restraining Order by personal service or otherwise: (1) the Defendant's officers, agents, servants, employees, and attorneys; and (2) all other persons who are in active concert or participation with Defendant or its officers, agents, servants, employees, or attorneys.

14. "**Spyware**" means any type of software that is surreptitiously installed on a computer and, without the consent of the user, could collect information from a computer, could allow third parties to control remotely the use of a computer, or could facilitate botnet communications.

15. "**Temporary Restraining Order**" means the Temporary Restraining Order issued by this court on June 2, 2009 in the matter of <u>Federal Trade Commission v. Pricewert, LLC</u>, Case No. C-09-2407 RMW.

16. "**Trojan Horse**" means a computer program with an apparent or actual useful function that contains additional, undisclosed malicious code, including but not limited to spyware,

ORDER APPOINTING TEMPORARY RECEIVER—No. C-09-2407 RMW
TER                                                                 5

1  viruses, or code that facilitates the surreptitious download or installation of other software
2  code.
3  17. **"Upstream Service Provider"** means any entity that provides the means to connect to the
4  Internet, including, but not limited to, the subleasing of Internet Protocol addresses.
5  18. "**Viruses**" means computer programs designed to spread from one computer to another and
6  to interfere with the operation of the computers they infect.

## CREATION OF RECEIVERSHIP

### I.

**IT IS THEREFORE ORDERED** that a receivership over Defendant Data Servers shall be created for the purpose of providing to third parties impacted by the Temporary Restraining Order whose websites were hosted by Defendant and who did not have an accessible backup of such data, copies of their websites/data, if reasonably feasible.

### II.

**IT IS FURTHER ORDERED** that in order to expedite the appointment of the Receiver and permit the Receiver to begin performing its duties hereunder as expeditiously as possible, Plaintiff shall transfer $25,000 directly to the Receiver. The funding for the receiver is subject to re-allocation upon good cause shown, requested by a party. If a court hearing is necessary in order to resolve a request by plaintiff for reimbursement of the initial receivership funding, then the prevailing party at such hearing shall be entitled to recover its reasonable attorneys fees incurred in connection with the reimbursement issue.

### III.

**IT IS FURTHER ORDERED** that upon the initial transfer of funds as required by Paragraph II of this Order, **Robb Evans & Associates, LLC** is appointed temporary receiver for the Defendant Data Servers. The Receiver's contact information is:

> Robb Evans & Associates, LLC
> 11450 Sheldon Street
> Sun Valley, CA 91352-1121
> (818) 768-8100
> (818) 768-8802 fax
> robb_evans@robbevans.com

ORDER APPOINTING TEMPORARY RECEIVER—No. C-09-2407 RMW
TER                                                                              6

The Receiver shall be the agent of this court, and solely the agent of this court, in acting as Receiver under this Order. The Receiver shall be accountable directly to this court.

### IV.

**IT IS FURTHER ORDERED** that within twenty four (24) hours of being appointed Receiver, the Receiver shall, in accordance with Civil L.R. 66-4, open one or more bank accounts as designated depositories for receivership funds.

### RECEIVER'S AND DATA CENTERS' DUTIES

### V.

**IT IS FURTHER ORDERED** that, notwithstanding the requirements of the Temporary Restraining Order that prohibit Defendant's and third parties' access to computer resources leased, owned, or operated by Defendant or other enumerated persons, the Receiver is authorized and directed to accomplish, and affected Data Centers are directed to take all reasonable steps to facilitate, the following:

A. Take exclusive custody, control, and possession of the Defendant Data Servers. Any Data Center that has secured Defendant Data Servers pursuant to the Temporary Restraining Order shall provide the Receiver and/or his agents with full and immediate access to the Defendant Data Servers and any related data sufficient to enable the Receiver to accomplish his duties under this Order.

B. Receive and review requests from third parties who claim they have suffered harm because they own data on Defendant Data Servers rendered inaccessible as a result of the Temporary Restraining Order. The Receiver shall use all deliberate speed in processing requests from third parties who have data stored at a Data Center, and Receiver shall begin as soon as possible after the entry of this order. Any third party seeking the release of data pursuant to this Order shall provide the Receiver with:

    1. If applicable, the Domain Name(s) and IP Address(es) used to aggregate the data, and any passwords or similar information necessary to enable the Receiver to access the requested data;

ORDER APPOINTING TEMPORARY RECEIVER—No. C-09-2407 RMW
TER                                                                                       7

  2. Contact information for the third party including a name, address, telephone number, email address, business title, business name, and administrative contact for the domain name in question;

  3. Certification that the third party is the lawful owner of data sought from the Defendant Data Server, or similar certification that the third party may lawfully access such data;

  4. Certification that the third party has no accessible back-up copy or alternative access to the requested data absent the intervention of the Receiver;

  5. Certification that the third party has no knowledge, direct or indirect, that the requested data contains Harmful Data;

  6. Certification that the third party agrees to bear the reasonable costs of copying and transmitting the requested data, and any associated costs; and

  7. Any other information deemed necessary by the Receiver to comply with applicable laws governing disclosure of the requested data to the third party, or to determine: (i) the identity of the third party; (ii) that the third party is lawfully entitled to the possession of the requested data; or (iii) that the data requested by the third party does not contain Harmful Data.

The Receiver shall process requests from third parties to analyze data in the order in which such requests were made, and will be made, to the court or to the Receiver.

 C. Determine whether third party requests for data comply with the requirements of Section "B," above.

 D. Evaluate the requested third party data to make a reasonable, good faith determination that it does not contain Harmful Data. In making his evaluation, the Receiver shall consider the third party certifications and any other documents or information supplied by the third party and, where appropriate, the documents filed by the Federal Trade Commission in this matter, relevant information that may be readily available from third party sources, and information uncovered through the Receiver's independent investigation. The third party shall have the burden

to produce evidence to the Receiver sufficient for the Receiver to make a reasonable, good faith determination that the requested data does not include Harmful Data.

  E. If the Receiver makes a reasonable, good faith determination that a third party request for data complies with Sections B through D, above, the Receiver shall, while at all times complying with the document preservation and other applicable obligations set out in the Temporary Restraining Order, act expeditiously to obtain a copy of the requested data and provide it to the third party.

    1. The Receiver shall take reasonable steps to minimize disruption and costs to any Data Centers in possession of Defendant Server Data;

    2. The Receiver is authorized to enter into contracts with technicians, independent contractors, or other parties necessary to obtain copies of third party data pursuant to this Order, or to otherwise deliver requested data to third parties; and

    3. The Receiver is authorized to purchase insurance as advisable or necessary to accomplish his duties under this Order.

  F. Notwithstanding the foregoing, if the Receiver determines that a third party's data is located on a server or computer that contains Harmful Data, apparent child pornography, or any other data that is illegal to possess, the Receiver shall immediately cease working on such server or computer and, to the extent required or permitted by applicable law, deliver such server or computer to the appropriate criminal law enforcement authority.

  G. The Receiver shall notify the court and the FTC of any third party request, and any third party or the FTC can request that the court review any determination made by the Receiver. Upon notice of a request for review, the Receiver will withhold further action on the third party request pending further order of the court.  The Receiver shall make periodic reports to the court regarding the Receiver's status in analyzing third party data.

  H. The Receiver shall deposit all funds and shall make all related payments and disbursements from receivership accounts established pursuant to Paragraph IV of this Order.  The Receiver shall serve copies of monthly account statements on all parties.

1    I.   Maintain accurate records of all receipts and expenditures that he makes as Receiver.

2    J.   Cooperate with reasonable requests from any state or federal law enforcement agency
3 for information that has been gathered pursuant to the execution of this order.

4    K.   Preserve and prohibit others from accessing Defendant Data Servers.

5    L.   Notwithstanding any other provision of this Order, nothing in this Order authorizes
6 Receiver or Defendant to disclose customer communications or records except as authorized by a
7 third party with respect to the third party's communications and records. Nothing in this order
8 authorizes the FTC, the Receiver, or the Defendant to take any action proscribed by 18 U.S.C.
9 §2703, et seq.

**RECORD KEEPING**

**VI.**

**IT IS FURTHER ORDERED** that, during the pendency of his Receivership, the Receiver shall maintain records of all third party requests for data pursuant to this Order, and all documents and other evidence supporting his determinations and actions required pursuant to Paragraph V of this Order.

**PROVISION OF INFORMATION TO RECEIVER**

**VII.**

**IT IS FURTHER ORDERED** that the Defendant shall provide to the Receiver, within 24 hours of a request delivered by the Receiver to the Defendant via telephone, facsimile, or email, any information deemed necessary by the Receiver to extract the data of a third party in accordance with this Order. This information shall include, but not be limited to, passwords, IP addresses, server location and identity data, and file name and location data.

**COOPERATION WITH THE RECEIVER**

**VIII.**

**IT IS FURTHER ORDERED** that Defendant, Data Centers, Upstream Service Providers, and all other persons or entities who are in active concert or participation with Defendant and served with a copy of this Order shall fully cooperate with and assist the Receiver in executing his duties pursuant to this Order.  Provided further, that any Data Center or Upstream Service Provider that incurs costs associated with locating, copying, or delivering data to third parties pursuant to this Order, may petition the court for an order directing Defendant or a third party to pay such reasonable and necessary costs.

## INTERFERENCE WITH THE RECEIVER

### IX.

**IT IS FURTHER ORDERED** that the Defendant and its Representatives are hereby restrained and enjoined from directly or indirectly interfering with the Receiver.  Such interference includes, but is not limited to, failing to expeditiously provide information or similar requested cooperation to the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this court.

## COSTS FOR EXTRACTION OF THIRD PARTY DATA

### X.

**IT IS FURTHER ORDERED** that Receiver may require, prior to fulfilling a third party request for data under this Order, the delivery of funds sufficient to cover the costs associated with the extraction, storage, and shipment of such data to the third party.  Such costs associated with the extraction, storage, and shipment of such data to the third party shall be subject to re-allocation upon good cause shown, requested by a party.  The Receiver shall minimize costs in copying data pursuant to requests from third parties who have data stored at a Data Center; additionally, Receiver shall obtain at least two estimates before commencing data copying, unless it is more cost effective, in the Receiver's estimation, to use in-house staff.

**COMPENSATION OF RECEIVER**

**XI.**

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, as set forth in the Receiver's June 8, 2009 letter to the FTC's counsel (attached to the FTC's Notice of Proposed Order, Docket 14), subject to court approval. To the extent the $25,000 transferred pursuant to Paragraph II of this Order and payments by third parties pursuant to Paragraph X of this Order are insufficient to cover the Receiver's fees and costs, the Receiver shall make application to the court for an order authorizing the disbursement of additional funds for the Receiver, and identifying who should be responsible for initially paying such further disbursement, subject to later re-allocation, if appropriate. The Receiver shall file with the court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than fifteen (15) days after balance in receivership accounts falls below $5,000. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the court.

**RECEIVER'S BOND**

**XII.**

**IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of this court a bond in the sum of $20,000 with sureties to be approved by the court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the court directs. 28 U.S.C. § 754.

**CONSTRUCTION OF ORDER**

**XIII.**

**IT IS FURTHER ORDERED** that this Order shall not be construed to allow the release of Harmful Data, other than to appropriate law enforcement authorities as authorized by law, to any person, including any third party who requests a copy of data on Defendant Data Servers, or to the

1  Defendant and its Representatives, to provide any person with remote access to Defendant Data
2  Servers, or to provide copies of any data on Defendant Data Servers to the Defendant and its
3  Representatives.  To facilitate the provision of copies of data to third parties consistent with this
4  Order and to facilitate the Defendant's cooperation as required by this Order, the Receiver may
5  provide Defendant and its Representatives, to the extent reasonably necessary, the ability to view
6  locally and under the Receiver's supervision information about the organization of Defendant Data
7  Servers and the organization of the data stored thereon.  Nothings in this Order shall be construed to
8  allow the release of third party data to anyone other than the third party who owns that data.
9  Nothing in this Order shall be construed to authorized the disclosure of consumer communications
10 or records, as proscribed by 18 U.S.C. §2703, et seq.

12 DATED:       6/15/09

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Ethan Arenson                earenson@ftc.gov
Carl Settlemeyer             csettlemyer@ftc.gov
Philip Tumminio              ptumminio@ftc.gov

**Counsel for Defendants:**

(no appearance)

**Counsel for Proposed Intervenors**:

Karl Stephen Kronenberger    karl@KBInternetlaw.com
Jeffrey Michael Rosenfeld    Jeff@KBInternetlaw.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   6/15/09                                    TER
                                               **Chambers of Judge Whyte**

United States District Court
For the Northern District of California

ORDER APPOINTING TEMPORARY RECEIVER—No. C-09-2407 RMW
TER                                     14