Willard K. Tom
General Counsel

Ethan Arenson, DC # 473296
Carl Settlemyer, DC # 454272
Philip Tumminio, DC # 985624
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, DC 20580
(202) 326-2204 (Arenson)
(202) 326-2019 (Settlemyer)
(202) 326-2204 (Tumminio)
(202) 326-3395 *facsimile*
earenson@ftc.gov
csettlemyer@ftc.gov
ptumminio@ftc.gov

Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**San Jose Division**

| | |
|---|---|
| **Federal Trade Commission,**<br><br>  Plaintiff,<br><br>  v.<br><br>**Pricewert LLC d/b/a 3FN.net, Triple Fiber Network, APS Telecom and APX Telecom, APS Communications, and APS Communication,**<br><br>  Defendant. | **Case No. C-09-2407 RMW**<br><br>**STIPULATED PROTECTIVE ORDER FOR THIRD PARTY REQUESTS TO RELEASE DATA STORED ON DEFENDANT'S DATA SERVERS** |

**STIPULATED PROTECTIVE ORDER FOR THIRD PARTY DATA REQUESTS**

To facilitate communication between third parties impacted by the Temporary Restraining Order and Preliminary Injunction and the Receiver, and to protect against the disclosure of protectable information contained in requests by such third parties to the Receiver, the undersigned propose entry of the following Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable

legal principles to treatment as confidential. The parties further acknowledge that this Order creates no entitlement to file Protected Material under seal, and that Civil Local Rule 79-5 sets forth the procedures that must be followed for the filing of documents under seal and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

## DEFINITIONS

For the purpose of this order, the following definitions shall apply:

1. "**"Confidential" Information or Items**" means information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

2. "**Counsel** (without qualifier)": Outside Counsel and House Counsel (as well as their support staffs).

3. "**Data Center**" means any person or entity that contracts with third parties to house computer servers and associated equipment, and provides the infrastructure to support such equipment, such as power or environmental controls.

4. "**Day**" shall have the meaning prescribed by and time periods in this Order shall be calculated pursuant to Fed. R. Civ. P. 6(a).

5. "**Defendant**" means Pricewert LLC also d/b/a 3FN.net, Triple Fiber Network, APS Telecom, APX Telecom, APS Communications, APS Communication, and any other names under which it does business, and any subsidiaries, corporations, partnerships, or other entities directly or indirectly owned, managed, or controlled by Pricewert LLC.

6. "**Defendant Data Servers**" means computer servers and associated equipment owned, leased, or controlled by the Defendant stored in a Data Center subject to the Temporary Restraining Order, and any data stored on such computer servers or associated equipment.

7. "**Disclosure or Discovery Material**" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or

responses to discovery in this matter.

8. "**Document**" is synonymous in meaning and equal in scope to the usage of the term in the Federal Rules of Civil Procedure 34(a), and includes writing, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence, including e-mail and instant messages, photographs, audio and video recordings, contracts, accounting data, advertisements (including, but not limited to, advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings, World Wide Web pages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, and other data compilations from which information can be obtained and translated. A draft or non-identical copy is a separate document within the meaning of the term.

9. "**Expert**" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

10. "**House Counsel**" means attorneys who are employees of a Party.

11. "**Party**" means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

12. "**Preliminary Injunction**" means the Preliminary Injunction issued by this Court on June 15, 2009 in the matter of <u>Federal Trade Commission v. Pricewert, LLC</u>, Case No. C-09-2407 RMW.

13. "**Professional Vendors**" persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and

subcontractors.

14. **"Protected Material"** means a Third Party Data Request. Information contained in a Third Party Data Request that is publicly available or obtained by lawful process independent of the Receivership order shall not be considered Protected Material.
15. **"Outside Counsel"** means attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.
16. **"Receiver"** means the temporary receiver appointed in this Order and any deputy receivers that may be named by the temporary receiver.
17. **"Receivership Order"** means the Order appointing a Temporary Receiver issued by this Court on June 15, 2009 in the matter of <u>Federal Trade Commission v. Pricewert, LLC</u>, Case No. C-09-2407 RMW.
18. **"Receiving Party"** means a Party that receives Protected Material, including the Receiver.
19. **"Temporary Restraining Order"** means the Temporary Restraining Order issued by this Court on June 2, 2009 in the matter of <u>Federal Trade Commission v. Pricewert, LLC</u>, Case No. C-09-2407 RMW.
20. **"Third Party Data Request"** means documents submitted by third parties to the Receiver or the Court for the purpose of identifying data for release pursuant to Section V.B of the Receivership Order.
21. **"Third Party Data Request Provider"** means a third party who submitted a Third Party Data Request.
22. **"Upstream Service Provider"** means any entity that provides the means to connect to the Internet, including, but not limited to, the subleasing of Internet Protocol addresses.

### DURATION
### § I.

Even after the termination of this litigation, the confidentiality obligations imposed by this

Order shall remain in effect until a Third Party Data Request Provider agrees otherwise in writing or a court order otherwise directs.

**ACCESS TO AND USE OF PROTECTED MATERIAL**

**§ II.**

A. **Basic Principles**. A Receiving Party may use Protected Material that is disclosed or produced by a Third Party Data Request Provider in connection with this case only for prosecuting, defending, attempting to settle this litigation or related litigation, or for disputing any claim made by the Third Party Data Request Provider. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

B. **Disclosure of Protected Material**. Unless otherwise ordered by the Court or permitted in writing by the Third Party Data Request Provider, a Receiving Party may disclose Protected Material only to:

1. The parties in this action including the executives or other personnel of such party who are participants with respect to policy decisions for the trial or pretrial preparations with reference to this action and any personnel having a good-faith, reasonable need for obtaining access to Protected Material.

2. FTC Commissioners and other employees or consultants of the FTC, the parties' respective counsel of record in this action, including the associates, paralegal, secretarial, clerical and other regular and temporary employees of such counsel assisting such counsel and including employees of any firm retained to reproduce or store the Protected Material for use in accordance with this Order.

3. The independent experts or consultants retained or consulted by the parties in this action, including the employees of such experts or consultants who are assigned to assist such experts or consultants.

4. The Court and related officials involved in this litigation or any other proceeding in which the Protected Material is used, including judges, magistrates, commissioners, referees, jurors, and other personnel of the Court.

5. Any person designated by the Court in the interest of justice, upon such terms as the Court deems proper.

6. The Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

7. The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

8. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

9. Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

10. During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

11. The author of the document or the original source of the information.

12. The Receiver and its employees, agents, and professional vendors to whom disclosure of Protected Material is reasonably necessary.
13. Data Centers in possession of Defendant Data Servers, and their employees, agents, and professional vendors to whom disclosure of Protected Material is reasonably necessary.
14. The Defendant's Upstream Service Providers, and their employees, agents, and professional vendors to whom disclosure of Protected Material is reasonably necessary.
15. Foreign and domestic law enforcement authorities, including attorneys for the Department of Justice and their staff.

**PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**
**§ III.**

A. If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Protected Information, the Receiving Party must:

1. So notify the Third Party Data Request Provider, in writing immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order; and

2. The Receiving Party must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

B. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Third Party Data Request Provider in this case

Protective Order on Third Party Data Requests - No. C-09-2407 RMW        7

an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Third Party Data Request Provider shall bear the burdens and the expenses of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

**§ IV.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Third Party Data Request Provider of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**FILING OF PROTECTED MATERIAL**

**§ V.**

Without written permission from the Third Party Data Request Provider or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

**REDACTED FILINGS**

**§ VI.**

A. **Notice of Filing of Third Party Data Request.** Parties who wish to file <u>without seal</u> Protected Material must provide five (5) days advance notice (a "Notice of Filing"), in

writing to the Third Party Data Request Provider.  Such notice shall include a copy of the Protected Material that the Party seeks to file.  Parties seeking to file Protected Material shall make a good faith effort to redact information in accordance with Civil L.R. 3-17, and information that appears to be proprietary user name, password, or login information.

B. **Obligation of Third Party Data Request Provider Seeking to Protect Disclosure**.  Any Third Party Data Request Provider in receipt of a Notice of Filing that objects to the proposed filing shall, within five days of receipt of the notice, serve a written response to the Party seeking to file the Protected Material that states its objection to the disclosure.  The response shall contain:

1. A statement justifying why the proposed filing contains Confidential Information or Items;
2. If applicable, a statement why the Party's proposed redaction is insufficient to protect the Confidential Information or Items;
3. If reasonable, a redacted version of the proposed filing; and
4. If it is not reasonable to offer a redacted version of the proposed filing, a statement as to why it would not be reasonable.

C. **Disputes.**  If, after a making a good faith attempt to resolve a dispute, the Party seeking to file cannot reach an agreement with a Third Party Data Request Provider about the filing, the Party seeking to file may provide a "Final Notice of Intent to File" to the Third Party Data Request Provider.  The Third Party Data Request Provider shall have five days to file with the Court an opposition to the proposed filing.  The Third Party Data Request provider shall bear the burden of proving why the proposed filing contains Confidential Information or Items that should not be publicly filed subject to redaction.  The Party seeking to file shall have the right to respond to the opposition.  However, the Party seeking to file shall not make the challenged unsealed filing until the Third Party Data Request Provider's objections are ruled on by the Court.

# MISCELLANEOUS

## § VII.

A. **Right to Further Relief**. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B. **Right to Assert Other Objections**. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: July 1, 2009

WILLARD K. TOM, General Counsel

/s Phil Tumminio

Ethan Arenson, DC # 473296
Carl Settlemyer, DC # 454272
Philip Tumminio, DC # 985624
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, DC 20580
(202) 326-2204 (Arenson)
(202) 326-2019 (Settlemyer)
(202) 326-2004 (Tumminio)
(202) 326-3395 *facsimile*
earenson@ftc.gov
csettlemyer@ftc.gov
ptumminio@ftc.gov

Attorneys for Plaintiff

Protective Order on Third Party Data Requests - No. C-09-2407 RMW          10

DATED: July 1, 2009             */s Jeffrey M. Rosenfeld* (with permission)

Jeffrey M. Rosenfeld (Bar 222187)
Kronenberger Burgoyne, LLP
150 Post Street, Ste. 520
San Francisco, CA 94180
(415) 955-1155
(415) 955-1158
Jeff@KBInternetLaw.com

Attorneys for Third Party Suren Ter-Saakov

DATED: July 1, 2009             */s E. James Perullo* (with permission)

E. James Perullo, BBO # 668740
Bay State Legal Services, LLC
60 State Street, Ste 700
Boston, MA 02109
(617) 878-2022
(206) 339-2822 (*facsimile*)
E.James.Perullo@BayStateLegal.com

Attorney for Third Party New Concept Business, SL

**PURSUANT TO STIPULATION, IT IS SO ORDERED,** this  6th  day of  July , 2009, at _____ m.

_____
RONALD M. WHYTE
United States District Judge

Protective Order on Third Party Data Requests - No. C-09-2407 RMW             11

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [printor type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of <u>FTC v. Pricewert, LLC</u>, No. C-09-2407 RMW. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____