**E-FILED on** 1/6/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Federal Trade Commission,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Pricewert LLC also d/b/a 3FN.net, Triple Fiber Network, APS Telecom, APX Telecom, APS Communications, and APS Communication,<br><br>　　　　Defendant. | No. C-09-2407 RMW<br><br>ORDER DENYING MOTIONS TO INTERVENE<br><br>**[Re Docket Nos. 21 and 48]** |

The motions of third parties Suren Ter-Saakov, Tsuren LLC (collectively, "Suren"), and New Concept Business, S.L. (New Concept) to intervene under Rule 24(a) of the Federal Rules of Civil Procedure came on for hearing before the court on July 31, 2009. Plaintiff opposes the motions. Defendant has not appeared in this action and did not file papers either in support of, or in opposition to, the proposed interventions. Proposed intervenor New Business. S.L. did not appear at, or participate in, the hearing. Having considered the papers submitted by the parties and the arguments of counsel for plaintiff and Suren, and for good cause appearing for the reasons set forth below, the motions to intervene are denied but Suren and New Concept are given elevated amicus status to set forth any positions they have with respect to the terms the FTC's proposed default judgment against defendant and the implementation of that judgment.

Rule 24(a)(2) of the Federal Rules of Civil Procedure allows a party to intervene as a matter of right if the party "claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or imped the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). A party seeking to intervene as of right must meet four requirements: (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003); *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006). The applicants have the burden of establishing all four requirements. *Arakaki*, 324 F.3d 1078. Here, Suren and New Concept have not carried their burden, specifically with regard to the second and third requirements.

First, the applicants have not established that they have a significantly protectable interest relating to the property or transaction that is the subject of the action. To establish a protectable interest, the applicants must demonstrate that their interest is protectable under law and that there is a relationship between that legally protected interest and the claims at issue in the case. *Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996); *United States v. Alisal Water*, 370 F.3d 915, 920 (9th Cir. 2004). The applicants have failed to establish that there is a relationship between the identified interest and the claims at issue in the case. Other than the fact that the disruption to the applicants' businesses occurred as a direct result of the issuance of the temporary restraining order, there is no connection between the applicants' interest in their electronic data and the claims at issue in this equitable action to remedy alleged violations of the FTC Act. As the Ninth Circuit observed in *Alisal Water*, "[a] mere interest in property that may be impacted by litigation is not a passport to participate in the litigation itself. To hold otherwise would create a slippery slope where anyone with an interest in the property of a party to a lawsuit could bootstrap that stake into an interest in the litigation itself." *Id.* at 920, n.3. The FTC's complaint against defendant concerns <u>defendant's activities prior to the issuance of the TRO</u>, while the applicants seek

to intervene to recover for harm *allegedly caused by the FTC in moving for and after the issuance of the TRO*.[1] Without a relationship to the claims at issue in the case, intervention is not appropriate. *Id.*

Additionally, the applicants have not established that the disposition of the action may impair their interests, the third requirement for intervention. The court has appointed a temporary receiver to address and resolve requests by third parties, such as the applicants, who are seeking access to their electronic content stored on defendant's servers. Order Appointing Temporary Receiver dated June 15, 2009. The Receiver is required to "use all deliberate speed in processing requests from third parties who have data stored at a Data Center" (*id.* at V.B. p. 7:22-23) and "any third party . . . can request that the court review any determination made by the Receiver" (*id.* at V.G.at p. 9:20-22). This procedure appears sufficient to protect the interests of third parties, including the proposed intervenors, without allowing them intervene in this action and pursue their affirmative claims against the FTC and its counsel. *See Alisal Water*, 370 F.3d at 921.

Permitting intervention would unduly complicate the action. The named defendants in the complaints in intervention include legal counsel to the FTC who are prosecuting the action against Pricewert. Permitting intervention would force plaintiff's counsel to defend themselves against allegations arising from their conduct in these very proceedings, while at the same time acting as the aggressive advocates on behalf of their client, the FTC, to protect all consumers. While this same complication would occur to some degree if the applicants were to pursue their claims in separate litigation, such separate litigation would not put the attorney-defendants in the untenable position of participating as both counsel to a party, and as party defendants themselves, all within the same action. This factor, too, weighs against permitting intervention.

For the above reasons, the motions to intervene by Suren Ter-Saakov, Tsuren LLC and New Concepts Business S.L. are denied. However, the court is mindful that at least Suren is dissatisfied with the Receiver and believes the Receiver is not adequately protecting its, Suren's, interests. Therefore, not withstanding the fact that their motions to intervene have been denied, the court will

---

[1] Suren's primary claim appears to be for damages allegedly resulting from the FTC's failure to advise the court in its application for a TRO that Pricewert had legitimate customers, such as Suren, who would be injured if the court authorized the action requested in the TRO application.

permit Suren and New Business, S.L., and any other third party whose property interest may be affected by any judgment to be entered against Pricewert, to participate in any proceedings related to the fashioning of the equitable remedy sought in this action by the FTC on behalf of consumers.

DATED: 1/6/10

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Ethan Arenson earenson@ftc.gov
Carl Settlemeyer csettlemyer@ftc.gov
Philip Tumminio ptumminio@ftc.gov

**Counsel for Defendants:**

(no appearance)

**Counsel for Third Parties Suren Tar-Saakov and Tsuren LLC Seeking to Intervene**:

Karl Stephen Kronenberger karl@KBInternetlaw.com
Jeffrey Michael Rosenfeld Jeff@KBInternetlaw.com

**Counsel for Third Party New Business Concepts, S.L. Seeking to Intervene**:

E. James Perullo E.James.Perullo@BayStateLegal.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 1/6/10  TER
 **Chambers of Judge Whyte**