**E-FILED on** 1/20/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Federal Trade Commission,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Pricewert LLC also d/b/a 3FN.net, Triple Fiber Network, APS Telecom, APX Telecom, APS Communications, and APS Communication,<br><br>　　　　Defendant. | No. C-09-2407 RMW<br><br>ORDER ON MOTIONS FOR DEFAULT JUDGMENT AND FOR APPOINTMENT OF LIQUIDATING RECEIVER<br><br>**[Re Docket Nos. 64 and 65]** |

　　　The Federal Trade Commission ("FTC") seeks to have a default judgment entered against defendant Pricewert LLC ("Pricewert") based upon Pricewert's failure to answer the FTC's complaint or otherwise defend the action. The Clerk entered Pricewert's default on July 30, 2009. The FTC also requests appointment of a liquidating receiver to bring this matter to conclusion. Suren Ter-Saakov and Tsuren LLC (collectively "Suren") object to the entry of a default judgment (at least to the extent that it calls for payment of money to the FTC) and object to the appointment of a liquidating receiver. Suren offered an alternative form for the appointment of a liquidating receiver to that proposed by the FTC if the court elected to appoint a receiver. Suren previously sought to intervene in the action because it alleges it has affirmative claims against the FTC and its

ORDER ON MOTIONS FOR DEFAULT JUDGMENT AND FOR APPOINTMENT OF LIQUIDATING RECEIVER
C-09-2407　　　　　　　　　　　　　　1

counsel and that it has an interest in the subject matter of the action which is not being adequately protected by the existing parties. The court denied Suren's request to intervene but gave Suren "elevated amicus" status to enable it to advise the court of any concerns it had about how the proposed terms of any judgment against Pricewert would adversely affect it or how the activities of a liquidating receiver would interfere with its rights. The court has considered the papers filed by the FTC and Suren and hereby determines that any default judgment to be entered should include the injunctive relief requested but that a hearing is necessary to consider whether Pricewert can be ordered to disgorge any amount for ill-gotten gains and, if so, how much, and whether a liquidating receiver should be appointed and, if so, the duties of that receiver.

## BACKGROUND

This action has been brought by the FTC against Pricewert LLC pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), seeking injunctive and equitable relief. The complaint alleges that Pricewert is a rogue internet service provider that recruits, hosts and participates in the distribution of illegal, malicious and harmful electronic content. Complaint ¶ 8. Among other things, the complaint charges that Pricewert violated Section 5 of the FTC Act, 15 U.S.C. §45(a), by willfully distributing or hosting harmful electronic code such as child pornography, botnets, spyware, and viruses, and by collaborating with "bot herders" to configure, deploy, and operate botnets comprised of thousands of computers. *Id.* at ¶¶ 30-35. The FTC sought and obtained an *ex parte* temporary restraining order, issued on June 2, 2009, which, among other things, ordered data centers and upstream service providers to disconnect defendant's computer from the internet. The data centers and upstream service providers complied with the order, and defendant's computer resources at three data centers in San Jose, California, were disconnected.

Disconnecting defendant's computer resources had the immediate effect of shutting down all internet websites hosted on those servers, including the websites of defendant's customers, both illegitimate as described in the FTC's application and potentially legitimate and unknown to the court at the time. Soon after the issuance of the TRO, the court began receiving communications from third parties which raised a significant concern that innocent third parties could be suffering harm as a result of the TRO, and the court ordered the FTC to submit a proposal for expeditiously

addressing concerns raised by third parties and minimizing any undue harm to innocent third parties. June 5, 2009 Order. Within days, the FTC proposed the appointment of a receiver, Suren moved to amend the TRO to gain access to Suren's data, and the court issued an order to show cause why a receiver should not be appointed. On June 15, the court conducted a hearing on the order to show cause re preliminary injunction, the order to show cause regarding the appointment of a receiver, and Suren's motion to amend the TRO. Even though Suren had not intervened as a party, Suren's counsel was allowed to participate in the proceedings and negotiated with the FTC's counsel regarding proposed modifications to the TRO and the terms of appointment of a receiver. On June 15, 2009 the court issued two orders: a preliminary injunction against defendant that continued the order disconnecting defendant's servers from the internet, and an order appointing a temporary receiver to handle third party requests for access to their electronic data that was stored on defendant's disconnected servers.

In the meantime, on June 10, Suren had filed a motion to intervene, and two weeks later, on June 25, New Concept Business filed its motion to intervene. The proposed intervenors alleged that their business activities had been disrupted by the disconnection of defendant's servers from the internet. Their proposed complaints in intervention sought to assert claims under the Fourth Amendment (for the alleged unlawful seizure of their electronic property) and under the Fifth Amendment (for the taking of such property without just compensation) against the FTC and four of the individual attorneys who are the FTC's counsel in this action. The primary argument underlying the motions to intervene was that the proposed intervenors' businesses would be harmed unless they were able to access their electronic data stored on defendant's servers. The court denied the motions to intervene but gave the movants "elevated amicus" status to enable them to advise the court of any concerns they had about how the proposed terms of any judgment against Pricewert would adversely affect them or how the activities of a liquidating receiver would interfere with their rights

Pricewert never answered the FTC's complaint and the Clerk entered Pricewert's default on July 30, 2009. On August 25, 2009, the FTC filed its motion for a default judgment and its request for appointment of a liquidating receiver. Suren thereafter objected to the entry of a default

judgment and to the appointment of a liquidating receiver.[1]

In a report dated January 14, 2010 the Temporary Receiver, Robb Evans & Associates, LLC advised that 59 third party claims were filed with the Temporary Receiver with the last one filed on July 7, 2009. There appear to be only three claimants who have not obtained their data. Two of those have not received their data because they failed or were unable to post security for the administrative costs associated with recovery. The third is Tsuren LLC with whom the Temporary Receiver reports it has had some misunderstandings and communication between them has ceased. The Receiver Estate as of October 31, 2009 had a shortfall of $30,898.79.

## II. REQUEST FOR DEFAULT JUDGMENT

### A. Permanent Injunctive Relief

The default judgment proposed by the FTC has two basic components: (1) conduct prohibitions and (2) monetary relief in the form of disgorgement to be deposited with the United States Treasury. The proposed conduct prohibitions permanently enjoin defendant and its representatives from recruiting or willingly distributing or hosting Child Pornography, Botnet Command and Control Servers, Spyware, Viruses, Trojan Horses, Phishing-related sites, or similar electronic code or content that inflicts harm upon consumers. This request is consistent with what the FTC sought in its complaint, is well supported by the evidence provided by the FTC and has not been objected to by Suren. Therefore, the court finds that Pricewert and its officers, agents, servants, employees, attorneys and any other persons who are in active concert or participation with any of the foregoing should be permanently enjoined absent further order of this court from recruiting or willingly distributing or hosting Child Pornography, Botnet Command and Control Servers, Spyware, Viruses, Trojan Horses, Phishing-related sites, or similar electronic code or content that inflicts harm upon consumers and that such an injunction is properly included in a default judgment.

---

[1] Suren also filed a separate lawsuit against Pricewert, *Suren Ter-Saakov, et al. v. Pricewert LLC, et al.*, C 09-3352 RS, to which Pricewert has not responded, and as to which Suren's motion for default judgment is pending. Suren seeks a default judgment in excess of $350,000. On January 6, 2010, the court issued a related case order, relating that action to the present one, and the *Suren* action is being reassigned to this court for all further proceedings.

ORDER ON MOTIONS FOR DEFAULT JUDGMENT AND FOR APPOINTMENT OF LIQUIDATING RECEIVER
C-09-2407      4

### B. Disgorgement

The FTC seeks to have Pricewert deposit $2,160,000 with the United States Treasury as disgorgement for profits it allegedly realized from its illegal activities. The FTC estimates these ill-gotten gains to be essentially the same as the total revenues Pricewert realized from its web hosting activities over its at least six years of existence. The FTC points out that Pricewert has frustrated the FTC's ability to more accurately determine the ill-gotten gains by failing to comply with the TRO and preliminary injunction, to cooperate with the temporary receiver or to even respond to the complaint.

Suren objects to the entry of any monetary award on the basis that the FTC has purportedly provided no evidentiary support or justification for its requested monetary judgment, and argues that the FTC's disgorgement calculation fails to take into account the revenue to Pricewert that was generated by legitimate and lawful customers. Suren's proposed order, however, merely places Suren in front of the FTC in the line to recover a monetary award from the proceeds of the sale of any Pricewert assets.

The court has the power generally to apply a full range of equitable powers, including requiring disgorgement, in carrying out the goals of Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), the statute under which this action is brought. However, in this case, the only notice provided by the complaint as to a request for disgorgement is in paragraph 37 in which the FTC pled that "[t]he Court, in the exercise of its equitable jurisdiction, may award other ancillary relief, including, but not limited to, rescission of contracts, restitution, and the disgorgement of ill-gotten gains, to prevent and remedy injury caused by defendant's law violations." The court is reluctant to enter a money judgment for $2,160,000 without more persuasive evidence of the amount of Pricewert's ill-gotten gains or at least more specific notice to Pricewert as to the amount that the FTC is seeking. Accordingly, the court is not willing to enter an order of disgorgement at this time, and further proceedings with advance notice will be necessary.

### III. APPOINTMENT OF A LIQUIDATING RECEIVER

The FTC seeks to have the temporary receiver, Robb Evans & Associates, LLC, converted into a liquidating receiver, take control of Pricewert LLC, liquidate its assets, wind up the corporate

entity, and process any remaining claims from Pricewert's customers seeking to access their data or to establish ownership of any of Pricewert's computer servers. The court is concerned that the FTC's proposal exceeds the relief the FTC sought in its complaint and would appear to be only appropriate if necessary to enable the FTC to collect on any monetary judgment awarded. The proposal also expands the duties of the temporary receiver beyond those necessary to carry out the limited purpose for which the temporary receiver was appointed. As a result of Pricewert's refusal to cooperate or otherwise participate in this action, it was necessary to appoint a temporary receiver to address the harm that the TRO was causing to purportedly innocent third parties, innocent customers of Pricewert who used its internet hosting services for lawful purposes. A temporary receiver was needed to take physical control over Pricewert's equipment and servers located in San Jose and work with the affected customers in order to allow them to gain access to their electronic data, while preventing the release of harmful content, such as Child Pornography, Botnet Command and Control Servers, Spyware, Viruses, Trojan Horses, Phishing-related sites, and similar electronic code or content that inflicts harm upon consumers.

### IV. FURTHER PROCEEDINGS

The court is concerned as to the extent of its authority to appoint a receiver to take control over the defaulted party itself (Pricewert LLC), to take control over Pricewert's accounts, liquidate Pricewert's assets and wind up the business. The court is unwilling to issue such an order based upon the present showing. Nonetheless, the court is faced with the prospect that the temporary receiver has possession of physical property belonging to a defendant who refuses to participate in this action, the value of which is diminishing with the passage of time. If, after receiving notice of this order, Pricewert continues to refuse to participate, it seems reasonable for the court to proceed to enter a default judgment including a monetary amount composed of a reasonable estimate of Pricewert's ill-gotten gains and the damages caused to any innocent third party harmed by the termination of the services. A liquidating receiver could then be appointed, if necessary, to implement the judgment including the collection of any monetary award. This would include permitting the receiver to scrub the servers of harmful content and arrange for the orderly liquidation of the assets after all third parties who have contacted the receiver and have made arrangements to

obtain their electronic data. The resulting proceeds could then presumably be ordered disgorged, used to defray the expenses of the receiver, paid to claimants who have been harmed, awarded to judgment creditors, tendered to the defendant, or some combination thereof. In any event, the court welcomes the further input of the FTC, the defendant if it chooses to participate in this remedy phase, the elevated amici, and the temporary receiver, with regard to how this case may and should be brought to an appropriate close.

Accordingly, this matter is set for a hearing on these matters on February 26, 2010 at 9:00 a.m. The hearing should be attended by the FTC, Robb Evans & Associates, LLC, and the defendant (if it wants to be heard), and may be attended by the elevated amici and anyone else who utilized Pricewert for internet services and has a potential claim against Pricewert. At the hearing, the court will address:

1) the scheduling of any evidentiary hearing necessary to enable the FTC to prove up the monetary amount to be included in the default judgment against Pricewert, i.e. the amount that should be ordered disgorged;

2) whether a liquidating receiver should be appointed and, if so, whether Robb Evans & Associates, LLC should be appointed;

3) whether the court has the power to, and whether the court should, appoint a liquidating receiver with the powers proposed by the FTC before a judgment is entered against Pricewert or whether appointment should not occur until after judgment is entered and such appointment proves necessary to carry out the terms of, and, to collect on, the judgment;

4) whether the court has the legal authority to order any receiver appointed, either before or after the entry of judgment, to take control over Pricewert as the defaulting party, wind up the entity, and otherwise take control over any assets that are not already in the receiver's possession, custody or control and to process claims from claimants who contend they have been harmed by Pricewert or the issuance of the TRO;

5) the mechanism for providing notice to potential claimants whose businesses have

   been disrupted by the TRO or preliminary injunction, or who otherwise have claims against Pricewert, assuming the proceeds of any monetary relief in this action are to be made available to such claimants;

5) how to manage the proceeds of any liquidation, including whether the temporary receiver should be empowered to pay the proceeds over to persons claiming to have been harmed by Pricewert or the issuance of the TRO, or, instead, whether an interpleader action should be instituted and claimants required to pursue their claims in that action; and

6) any other matter the interested parties believe should be addressed.

The interested parties, including the temporary receiver, and anyone who has data that needs to be retrieved or claims to have suffered damages as a result of the actions of Pricewert are invited to file letter briefs on or before February 5, 2010, with response briefs (if any) to be filed no later than February 12, 2010.

The FTC is to provide notice of this order to Pricewert, LLC at any last known address, and shall also provide notice of this order to Max Christopher, the claimed authorized representative of Pricewert, as soon as possible and no later than January 29, 2010. Notice to Max Christopher may be provided by e-mail.

DATED: 1/20/10

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Ethan Arenson          earenson@ftc.gov
Carl Settlemeyer       csettlemyer@ftc.gov
Philip Tumminio        ptumminio@ftc.gov

**Counsel for Defendants:**

(no appearance)

**Counsel for Elevated Amici Suren Tar-Saakov and Tsuren LLC**:

Karl Stephen Kronenberger      karl@KBInternetlaw.com
Jeffrey Michael Rosenfeld      Jeff@KBInternetlaw.com

**Counsel for Elevated Amicus New Business Concepts, S.L.**:

E. James Perullo              E.James.Perullo@BayStateLegal.com

**Counsel for Temporary Receiver Robb Evans & Associates LLC:**

Gary Owen Caris       gcaris@mckennalong.com
Lesley Anne Hawes     lhawes@mckennalong.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   1/20/10                                    TER
                                              **Chambers of Judge Whyte**

ORDER ON MOTIONS FOR DEFAULT JUDGMENT AND FOR APPOINTMENT OF LIQUIDATING RECEIVER
C-09-2407                                   9