**E-FILED on** 4/8/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Federal Trade Commission, | No. C-09-2407 RMW |
| Plaintiff, | |
| v. | ORDER DETERMINING AMOUNT OF DISGORGEMENT FOR DEFAULT JUDGMENT |
| Pricewert LLC also d/b/a 3FN.net, Triple Fiber Network, APS Telecom, APX Telecom, APS Communications, and APS Communication, | |
| Defendant. | |

The court has considered the parties' papers submitted in connection with FTC's motion for a default judgment, other records on file, and the arguments of counsel at the hearing on the entry of a default judgment. Plaintiff claims that Pricewert has realized around $2.16 million in ill-gotten gains and that those gains should be disgorged and placed in the U.S. Treasury. The court's prior order expressed a reluctance to enter a monetary judgment in the amount of $2.16 million because it was based on a thin evidentiary showing by the FTC. The FTC in its supplemental papers continues to seek $2.16 million.

I.

The FTC justifiably blames Pricewert for "stonewalling" the FTC's efforts to determine a more definite amount of Pricewert's ill-gotten gains. Pricewert has knowingly refused to participate

1

1  in this litigation and it should not benefit nor be in a position to complain about the weakness of the
2  FTC's calculation when it has failed to supply the records it was ordered to provide.
3       Earlier in the case, the FTC submitted declarations by various experts to support its motion
4  for a temporary restraining order ("TRO").  These experts had analyzed data derived from internet
5  searches which establish that defendant, an internet service provider, was engaged in widespread
6  illegal activity.  The FTC has not, however, submitted evidence or any analysis by their experts, or
7  any other witness, that shows the relative percentage of illegal versus legal activities of Pricewert.
8  There seems to be little doubt from the information provided that Pricewert functioned primarily as
9  an internet service provider for illegal activity.  Nevertheless, there was a relatively small number of
10 apparently legitimate customers who used Pricewert as their service provider.  This came to the
11 court's attention when some of those customers contacted the court after the Pricewert servers were
12 shut down.  Therefore, it seems clear that a portion of the monthly profits of $30,000 reportedly
13 realized by Pricewert were realized from legitimate business activity.

14                                          II.

15      The number of IP addresses controlled by defendant that are affiliated with illegal activity
16 appears to far outnumber the IP addresses of legitimate customers using Pricewert's services.  An
17 estimate that over half of the users were connected with illegal activity seems extremely
18 conservative.  However, to avoid over-estimating the amount of Pricewert's ill-gotten gains, the
19 court will estimate that only 50% of Pricewert's profits were ill-gotten gains.

20                                          III.

21      Pricewert never appeared in this case nor, to the court's knowledge, ever contacted the FTC
22 to discuss the FTC's allegations.  But, Max Christopher, purportedly an authorized representative of
23 Pricewert, did initially submit some papers to the court.  In those papers, he represented that
24 Pricewert's "average monthly profit from all web hosting services was not higher then (*sic*)
25 $30,000."  Def. Pet. dtd. June 15, 2010, attached as Exh. B to Plaintiff's Motion.  He also said "we
26 have been managing our business for more than 6 years."  Def. Pet. dtd. June 10, 2010, attached as
27 Exh. A to Plaintiff's motion.  No other revenue figures have been provided despite orders to do so.
28 In light of Christopher's figure of monthly profit of "not higher then (*sic*) $30,000," a conservative

estimate of Pricewert's average monthly ill-gotten gains over the last six years is $15,000. Therefore, a conservative estimate of Pricewert's ill-gotten gains for the last six years is no less than $1,080,000. The court will include disgorgement of $1,080,000 in the default judgment in favor of the FTC and against Pricewert.

DATED: 4/8/10

*Ronald M Whyte*

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Ethan Arenson	earenson@ftc.gov
Carl Settlemeyer	csettlemyer@ftc.gov

**Counsel for Defendants:**
(no appearance)

**Counsel for Elevated Amici Suren Tar-Saakov and Tsuren LLC Seeking to Intervene**:

Karl Stephen Kronenberger	karl@KBInternetlaw.com
Jeffrey Michael Rosenfeld	Jeff@KBInternetlaw.com

**Counsel for Elevated Amicus New Business Concepts, S.L. Seeking to Intervene**:

E. James Perullo	E.James.Perullo@BayStateLegal.com

**Counsel for Receiver Robb Evans & Associates**

**Gary Owen Caris**	gcaris@mckennalong.com
**Lesley Anne Hawes**	lhawes@mckennalong.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   4/8/10	    TER
	**Chambers of Judge Whyte**