E-Filed on 4/8/10

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**San Jose Division**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>  **Plaintiff,**<br><br>  **v.**<br><br>**PRICEWERT LLC D/B/A 3FN.NET, TRIPLE FIBER NETWORK, APS TELECOM AND APX TELECOM, APS COMMUNICATIONS, AND APS COMMUNICATION,**<br><br>  **Defendant.** | **Case No. C-09-2407 RMW**<br><br>**ORDER APPOINTING LIQUIDATING RECEIVER AND ENTERING PERMANENT INJUNCTION AND MONETARY JUDGMENT** |

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), filed its complaint for injunctive and other equitable relief against defendant Pricewert LLC, also d/b/a 3FN.net, Triple Fiber Network, APS Telecom and APX Telecom, APS Communications, and APS Communication, pursuant to Sections 5(a) and 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a), 53(b). The Court ordered an *ex parte* Temporary Restraining Order ("TRO") on June 2, 2009, and a Preliminary Injunction on June 15, 2009. Defendant Pricewert LLC ("Pricewert") failed to answer or otherwise respond to the Commission's Complaint, and, as a result, the Clerk entered the default of Pricewert on July 30, 2009. On August 25, 2009, the Commission moved for default judgment against Pricewert. Having reviewed the Commission's

1  motion for default judgment and its memorandum and points and authorities in support thereof,
2  and the papers filed by Suren Ter-Saakov and Tsuren LLC as parties given elevated amicus
3  status, **IT IS HEREBY ORDERED**:

## I.  FINDINGS

1. This Court has jurisdiction over the subject matter of this case, and it has jurisdiction of all parties pursuant to 15 U.S.C. §§ 45(a), 53(b), and 28 U.S.C. §§ 1331, 1337(a), and 1345;

2. Venue is proper as to all parties in the Northern District of California pursuant to 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b) and (c);

3. The activities alleged in the Complaint are in or affecting "commerce" as that term is defined in Section 4 of the FTC Act, 15 U.S.C. § 44;

4. The facts the FTC has stated in its Complaint state a claim upon which relief may be granted under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b);

5. This Order shall have no preclusive effect as to any action brought by any state or federal law enforcement agency;

6. This Order is remedial in nature and no portion of any payments paid herein shall be deemed or construed as payment of a fine, damages, penalty, or punitive assessment; and

7. Entry of this Order is in the public interest.

## II.  DEFINITIONS

For the purpose of this order, the following definitions shall apply:

1. "**Botnet**" means a network of computers that have been compromised by malicious code and surreptitiously programmed to follow instructions issued by a Botnet Command and Control Server.

2. "**Botnet Command and Control Server**" means a computer or computers used to issue instructions to, or otherwise control, a Botnet.

3. The term **"Child Pornography"** shall have the same meaning as provided in 18 U.S.C. § 2256.

4. "**Data Center**" means any person or entity that contracts with third parties to house computer servers and associated equipment, and provides the infrastructure to support such equipment, such as power or environmental controls.

5. "**Defendant**" means Pricewert LLC also d/b/a 3FN.net, Triple Fiber Network, APS Telecom, APX Telecom, APS Communications, APS Communication, and any other names under which it does business, and any subsidiaries, corporations, partnerships, successors, assigns, or other entities directly or indirectly owned, managed, or controlled by Pricewert LLC.

6. "**Phishing**" means the use of email, Internet web sites, or other means to mimic or copy the appearance of a trustworthy entity for the purpose of duping consumers into disclosing personal information, such as account numbers and passwords.

7. "**Representatives**" means the following persons or entities who receive actual notice of this preliminary injunction by personal service or otherwise: (1) the Defendant's officers, agents, servants, employees, and attorneys; and (2) all other persons who are in active concert or participation with Defendant or its officers, agents, servants, employees, or attorneys. A Data Center or Upstream Service Provider that continues to provide services to Defendant after receiving actual notice of this preliminary injunction is a Representative.

8. "**Securely Deleted**" means the elimination of data from a data storage device in a manner that renders the data permanently unrecoverable.

9. "**Spyware**" means any type of software that is surreptitiously installed on a computer and, without the consent of the user, could collect information from a computer, could allow third parties to control remotely the use of a computer, or could facilitate botnet communications.

10. "**Trojan Horse**" means a computer program with an apparent or actual useful function that contains additional, undisclosed malicious code, including but not limited to spyware, viruses, or code that facilitates the surreptitious download or installation of other software code.

11. **"Upstream Service Provider"** means any entity that provides the means to connect to the Internet, including, but not limited to, the subleasing of Internet Protocol addresses.

12. "**Viruses**" means computer programs designed to spread from one computer to another and to interfere with the operation of the computers they infect.

## III.  CONDUCT PROHIBITIONS

1. Defendant and its Representatives are permanently restrained and enjoined from recruiting or willingly distributing or hosting Child Pornography, Botnet Command and Control Servers, Spyware, Viruses, Trojan Horses, Phishing-related sites, or similar electronic code or content that inflicts harm upon consumers.

2. Defendant and its Representatives are permanently restrained and enjoined from configuring, deploying, operating, or otherwise participating in or otherwise willingly facilitating, any Botnet.

## IV.  EXPANSION OF EXISTING RECEIVERSHIP

In addition to the powers granted to the Receiver in this Court's June 15, 2009 Order, the Receiver is hereby appointed as the liquidating Receiver for Pricewert, for the purpose of taking the necessary steps to enforce this judgment including the payment of expenses and other costs incurred in this proceeding and the payment of the amount awarded for the disgorgement of ill-gotten gains.  In carrying out these duties, the Receiver shall be the agent of this Court, shall be accountable directly to this Court and is authorized and directed to:

1. Exercise full control over Pricewert's servers and related equipment over which the Receiver gained control in carrying out its duties under the TRO issued June 2, 2009 and the Preliminary Injunction dated June 15, 2010, and to collect, marshal, and take custody, control, and possession of any funds, property, premises, accounts, documents, mail, and other assets of Pricewert that come into the Receiver's possession or control under the terms of the TRO, Preliminary Injunction or this Order;

2. Exercise full control over the management and personnel of Pricewert as necessary to carry out the terms of this Order, including the authority to remove, as the Receiver deems

necessary or advisable, any director, officer, independent contractor, employee, or agent of Pricewert from control of, management of, or participation in, the affairs of Pricewert;

3. Take all steps necessary or advisable to locate and liquidate all assets of Pricewert for the purpose of paying the expenses and costs incurred in this proceeding and to pay the amount of disgorgement awarded. Prior to liquidating any of Pricewert's computer equipment and transferring it to a purchaser, the Receiver shall take reasonable and appropriate measures to ensure that any data residing on Pricewert's computer equipment is Securely Deleted in the most cost-efficient manner available. Except as provided in Paragraph V, the Receiver shall be authorized to destroy the data storage component of Pricewert's computer equipment if the Receiver determines that this method is the most cost-efficient available, will not unduly detract from the liquidation value of the computer equipment, and will result in the data stored on Pricewert's computer equipment being Securely Deleted.

4. Make payments and disbursements from the Receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order;

5. Perform all acts necessary or advisable to complete an accounting of the Receivership assets, and prevent unauthorized transfer, withdrawal, or misapplication of assets;

6. Enter into contracts and purchase insurance as advisable or necessary;

7. Maintain bank accounts created as designated depositories for funds of Pricewert, and make all payments and disbursements from the Receivership estate from such an account;

8. Perform all incidental acts that the Receiver deems to be advisable or necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents;

9. Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency; and

10. Dispose of, or arrange for the disposal of, the paper records of Pricewert no later than six months after the Court's approval of the Receiver's final report. To safeguard the privacy of consumers, records containing personal financial information shall be shredded, incinerated, or otherwise disposed of in a secure manner. For paper records that must be retained,

the Receiver may elect to retain records in their original form or to retain photographic or electronic copies so long as said records are:  1) kept in a secure, locked area; 2) stored electronically on a computer network or drive with restricted access or an encrypted electronic storage device; or 3) redacted of all personally identifiable information including dates of birth, Social Security numbers, driver's license numbers or other state identification numbers, passport numbers, financial account numbers, or credit or debit card numbers.  *Provided, however*, that the Receiver may not sell, rent, lease, transfer, disclose, use, or otherwise benefit from the name, address, telephone number, credit card number, bank account number, e-mail address, or other identifying information of any person who has contracted with Pricewert, except that the Receiver may disclose such identifying information to a law enforcement agency, or as required by any law, regulation, or court order.

## V.  NOTICE OF INTENT TO DESTROY

1. The FTC or Receiver shall serve a copy of this Order upon Special Agent Chris Calderon of the San Jose office of the Federal Bureau of Investigation ("FBI") via electronic mail and overnight delivery.  The FBI shall have ten days from the date of entry of this Order to file with this Court an objection to the liquidation or destruction of Pricewert's assets, including its computer equipment, as provided for in this Order.

2. The Receiver shall serve a copy of this Order, with this subparagraph 2 and subparagraph 4 below highlighted, via electronic mail and overnight delivery or other means reasonably calculated to provide notice, to any entity or person known to have legitimate data stored on Pricewert's computer equipment and who has not previously obtained a copy of that data from the Receiver.  The noticed entity or person shall have ten days from the date of entry of this Order to file with this Court an objection to the liquidation of any of Pricewert's computer equipment on which said party's data is stored.

3. The Receiver shall serve a copy of this Order, with this subparagraph 3 highlighted, via electronic mail and overnight delivery or other means reasonably calculated to provide notice, to Kronenberger Burgoyne, LLP, 150 Post Street, Suite 520, San Francisco, CA

94108 (e-mail: karl@KBInternetLaw.com and jeff@KBInternetLaw.com), counsel for Suren Ter-Saakov and Tsuren LLC who have claimed an ownership interest in particular servers seized by the Receiver. Suren Ter-Saakov and Tsuren LLC shall file with the Court and the Receiver within 10 days from the date of this order any objection they have to the sale of any such server and any claim they have to an ownership interest in any particular server. If Suren Ter-Saakov or Tsuren LLC claim an ownership interest in any server but do not object to its sale, they should so notify the Court and the Receiver of that fact. The Receiver will segregate any such server identified by Suren Ter-Saakov or Tsuren LLC, or the proceeds of the sale of any such server, as appropriate, until the ownership interest has been determined or further order of this court. Within thirty days of filing a claim of ownership, Suren Ter-Saakov and Tsuren LLC shall file with the Court and Receiver any documents they have supporting a claim of ownership. The Receiver will thereafter determine whether the claim is valid. If the Receiver finds that it is not, Suren Ter-Saakov and Tsuren LLC may appeal to this Court for a *de novo* determination of the ownership question.

      4.     If an objection is filed pursuant to subsection 1 or 2 above, the Receiver shall refrain from selling or otherwise disposing of Pricewert's computer servers, or taking any action that could jeopardize the data stored on those servers, until the Court makes a ruling on the objection. If no objection is filed, the Receiver shall proceed to liquidate Pricewert's assets as provided in this Order.

## VI. STAY OF OTHER ATTEMPTS TO EXECUTE ON DEFENDANT'S ASSETS

Except by leave of this Court, during pendency of the Receivership ordered herein, Defendant, its Representatives, and all investors, creditors, stockholders, lessors, customers, and other persons seeking to execute on any claim or judgment against or on behalf of Defendant, and all others acting for or on behalf of such persons, are hereby enjoined from enforcing any judgment against Defendant that would interfere with the exclusive jurisdiction of this Court over the assets or documents of the Defendant, including, but not limited to:

Order Appointing Liquidating Receiver and Entering
Perm. Inj. and Monetary Judgment
C09-2407 RMW                              Page 7 of  11

1.     Petitioning, or assisting in the filing of a petition, that would cause the Defendant to be placed in bankruptcy;

2.     Filing or enforcing any lien on any asset of the Defendant, enforcing taking or attempting to take possession, custody, or control of any asset of the Defendant; or attempting to foreclose, forfeit, alter, or terminate any interest in any asset of the Defendant, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

3.     Initiating any other process or proceeding that would interfere with the Receiver managing or taking custody, control, or possession of, the assets or documents subject to this receivership.

*Provided that,* this Order does not stay:  (1) the commencement or continuation of a criminal action or proceeding; (2) the commencement or continuation of any civil action or proceeding provided no attempt is made to attach or execute on any of Defendant's assets; (3) the commencement or continuation of any action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (4) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## VII.  RECEIVER'S FINAL REPORT AND DISBURSEMENT OF ASSETS OF PRICEWERT

1.     The Receiver shall promptly liquidate the assets of Pricewert in accordance with this order.  Nothing in Paragraph IV of the Preliminary Injunction ("Asset Freeze") shall be read to prevent the Receiver from completing the liquidation.

2.     No later than one hundred twenty (120) days after the date of entry of this Order, the Receiver shall file with the Court and serve on all counsel of record in this proceeding a report (the "Final Report") detailing the steps taken to liquidate the receivership estate.  The Final Report shall include a final accounting of the receivership estate's finances and total assets ("Final Accounting").  Concurrently with the filing of the Final Report, the Receiver shall also file and

serve on all counsel of record in this proceeding its motion to approve the Final Report and Final Accounting, and its motion to approve and authorize the payment of its compensation and expenses associated with the performance of its duties as Receiver under this Order and the June 15, 2009 Order and the compensation and expenses of its attorneys.  The Receiver shall send notice of the motion to approve the Final Report and Final Accounting and notice of the motion to approve and authorize payment of the Receiver's and its counsel's compensation and expenses to all known creditors of Pricewert.

3. The Court will review the Final Report and Final Accounting, and the motions described in subsection 2, above, and issue an order lifting the Asset Freeze and directing the Receiver to:

    A. Pay from the receivership estate the compensation and expenses of the Receiver and its counsel to the extent approved and authorized by the Court.

    B. Pay from the receivership estate the amount to reimburse plaintiff FTC for its initial funding of the Receivership, pursuant to the Court's June 15, 2009 Order Appointing Temporary Receiver.

    C. Pay all remaining funds as specified in Paragraph X of this Order.

## VIII.  TERMINATION OF THE RECEIVERSHIP

Upon completion by the Receiver of the tasks set forth in this Order, the Receivership over the Defendant in this matter shall be dissolved and the Receiver discharged.

## IX.  MONETARY JUDGMENT

1. Judgment in the amount of $1,080,000.00 (one million eighty thousand dollars) is hereby entered against the Defendant in favor of the FTC for disgorgement of ill-gotten gains. This amount shall be deposited to the United States Treasury.

2. The Defendant relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law.  The Defendant shall make no claim to or demand for the return of funds, directly or indirectly, through counsel or otherwise.

3. The facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or monetary judgment pursuant to this Order, including, but not limited to, a nondischargeability complaint in any bankruptcy case. The facts alleged in the Complaint establish all elements necessary to sustain an action pursuant to, and this Order shall have collateral estoppel effect for purposes of, Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A).

## X. PRIORITY OF CLAIMS

Any funds remaining in the Receivership Estate after payment of the reasonable costs and expenses of administering the Receivership as specified in Paragraph VII shall be paid as follows:

First, to the Federal Trade Commission to satisfy its $1,080,000.00 disgorgement award against Pricewert;

Second, to satisfy any valid judgment entered against Defendant, including any judgment obtained by Suren Ter-Saakov and Tsuren LLC against Pricewert in action no. C-09-03352 RMW pending in this court;

Third, if any funds remain in the Receivership Estate after the claims above have been fully satisfied, the Receiver shall submit to the Court for approval a proposal to distribute the remaining funds or to return them to Pricewert.

## XI. RETENTION OF JURISDICTION

This Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

DATED:   4/8/10

_Ronald M. Whyte_
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

| | |
|---|---|
| Ethan Arenson | earenson@ftc.gov |
| Carl Settlemeyer | csettlemyer@ftc.gov |

**Counsel for Defendants:**
(no appearance)

**Counsel for Elevated Amici Suren Tar-Saakov and Tsuren LLC Seeking to Intervene**:

| | |
|---|---|
| Karl Stephen Kronenberger | karl@KBInternetlaw.com |
| Jeffrey Michael Rosenfeld | Jeff@KBInternetlaw.com |

**Counsel for Elevated Amicus New Business Concepts, S.L. Seeking to Intervene**:

E. James Perullo                         E.James.Perullo@BayStateLegal.com

**Counsel for Receiver Robb Evans & Associates**

| | |
|---|---|
| **Gary Owen Caris** | gcaris@mckennalong.com |
| **Lesley Anne Hawes** | lhawes@mckennalong.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     4/8/10                                           TER
                                                  **Chambers of Judge Whyte**

Order Appointing Liquidating Receiver and Entering
Perm. Inj. and Monetary Judgment
C09-2407 RMW                              Page 11 of 11