| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 11 | FEDERAL TRADE COMMISSION, | CASE NO. 09-CV-2407-RMW |
| 12 | Plaintiff, | Date: November 12, 2010<br>Time: 9:00 a.m. |
| 13 | v. | Place: Courtroom 6 |
| 14 | PRICEWERT LLC dba 3FN.NET TRIPLE FIBER NETWORK, APS TELECOM, APX TELECOM, APS COMMUNICATIONS, and APS COMMUNICATION, | ORDER: (1) APPROVING RECEIVER'S FINAL REPORT AND ACCOUNTING; (2) APPROVING PROPOSED COMPROMISE OF DATAPIPE CLAIM; (3) APPROVING AND AUTHORIZING PAYMENT OF RECEIVER'S AND COUNSEL'S FEES AND EXPENSES FROM INCEPTION THROUGH CLOSING; (4) DISCHARGING RECEIVER, EXONERATING RECEIVER'S BOND AND RELATED RELIEF; (5) AUTHORIZING ABANDONMENT AND DESTRUCTION OF RECORDS AND ANY UNCLAIMED SERVERS; (6) GRANTING ANY OTHER RELIEF RELATED TO THE WIND UP OF THE ESTATE; AND (7) FOR DETERMINATION OF MOTION WITHOUT A HEARING PURSUANT TO LOCAL CIVIL RULE 7-1(b) |
| 17 | Defendants. | |

The Motion for Order: (1) Approving Receiver's Final Report and Accounting; (2) Approving Proposed Compromise of Controversy with Datapipe; (3) Approving and Authorizing Payment of Receiver's and Counsel's Fees and

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

LA:17782077.1

Expenses from Inception through Closing; (4) Discharging Receiver, Exonerating Receiver's Bond and for Related Relief; (5) Authorizing Abandonment and Destruction of Records and Any Unclaimed Servers; (6) Granting Any Other Relief Related to the Wind Up of the Estate; and (7) for Determination of Motion Without A Hearing Pursuant to Local Civil Rule 7-1(b) ("Wind Up Motion") filed by Robb Evans & Associates LLC, Receiver ("Receiver"), scheduled to be heard at the above-referenced date, time and place, was taken under submission for determination by the Court without oral argument pursuant the request of the Receiver under Local Civil Rule 7-1(b).  No one filed an objection or appeared wishing to be heard.  The Court, having reviewed and considered the Wind Up Motion and all pleadings and papers filed by the Receiver in support thereof, and the opposition or response to the Wind Up Motion, if any, the Court having found that notice of this Wind Up Motion provided by the Receiver to all known potential creditors of Pricewert, including the notice provided to claimants asserting claims to records and servers, is deemed sufficient under the circumstances, and good cause appearing therefor,

  IT IS ORDERED that:

  1. The Wind Up Motion and the relief sought therein is granted in its entirety;

  2. Without limiting the generality of the foregoing:

  A. The Receiver's Final Report and Accounting attached as Exhibit 1 to the Declaration of M. Val Miller filed in support of the Wind Up Motion is hereby approved, and all activities of the Receiver as described in the Final Report and Accounting and the Receiver's prior Interim Reports filed with the Court, including the Interim Reports filed July 15, 2009, July 29, 2009 and January 14, 2010 filed by the Receiver as Temporary Receiver, are hereby approved and confirmed;

  B. The Receiver's compromise of claim with Datapipe, the landlord of one of the colocation facilities used by defendant Pricewert LLC dba 3fn.net Triple Fiber Network, APS Telecom, APX Telecom, APS Communications, and APS

1  Communication ("Pricewert") to house its servers, pursuant to which the Receiver
2  shall pay Datapipe from receivership assets the sum of $8,250.00 in full settlement
3  of Datapipe's claim for unpaid rent for such colocation facility while the servers
4  remained on Datapipe's premises, is hereby approved;

5        C.     The Receiver's fees and expenses and Receiver's counsel's fees and
6  expenses incurred in connection with the administration of the estate as set forth in
7  the Wind Up Motion are hereby approved and authorized to be paid from assets of
8  the receivership estate, after payment in full of the Third Party Costs, as defined in
9  the Memorandum in support of the Wind Up Motion;

10        D.     Effective upon the completion of the Receiver's wind up of the estate
11  and payment of administrative expenses and Third Party Costs as provided herein,
12  the Receiver, its agents, employees, members, officers, independent contractors,
13  attorneys and representatives: (1) are discharged; (2) are discharged and released
14  from all claims and liabilities arising out of and/or pertaining to the receivership
15  herein, including without limitation all claims of (i) all third party claimants who
16  had data, or claimed to have data located in data centers used, operated or
17  controlled by Pricewert or on servers owned or controlled by Pricewert, including
18  without limitation Tsuren LLC and Suren Ter-Saakov, (ii) all third party claimants
19  who sought or could have sought recovery of data from any data centers used,
20  operated or controlled by Pricewert and/or located on servers owned and/or
21  controlled by Pricewert, including without limitation Tsuren LLC and Suren Ter-
22  Saakov, (iii) all third party claimants who have claimed or could have claimed an
23  ownership or other interest in one or more of the servers owned and/or controlled
24  by Pricewert, or any component of such servers, including without limitation
25  Tsuren LLC and Suren Ter-Saakov, and (iv) all claims that were or could have been
26  asserted concerning the Receiver's activities, including without limitation the
27  activities reflected in the Final Report and Accounting and Interim Reports filed
28  July 15, 2009, July 29, 2009 and January 14, 2010 filed by the Receiver as

1 Temporary Receiver, including without limitation claims by Tsuren LLC and Suren

2 Ter-Saakov; and (3) are relieved of all duties and responsibilities pertaining to the

3 receivership established in this action;

4     E. Effective upon the completion of the Receiver's wind up of the estate,

5 payment of administrative expenses and payment of Third Party Costs as provided

6 herein, the Receiver's bond is exonerated;

7     F. The Receiver is hereby authorized to dispose of the records of

8 Pricewert, unless within 30 days after entry of the Order on this Wind Up Motion,

9 the Receiver has been served with a request by the FTC for possession of the

10 records or a subpoena by a law enforcement agency for the records, in which event

11 the Receiver is authorized to turn over the original records to the FTC or a law

12 enforcement agency in response to the request or subpoena;

13     G. The Receiver is authorized to turn over to Tsuren LLC at Tsuren

14 LLC's expense the three servers previously claimed by Tsuren LLC (identified as

15 SYS 135, SYS 234 and SYS 75 (the "Tsuren servers")), subject to the Receiver's

16 receipt of payment by Tsuren LLC for the cost of shipping and delivery of the

17 Tsuren servers to the location designated by Tsuren LLC, and the Receiver is

18 authorized to abandon and destroy the Tsuren servers if, within 30 days after entry

19 of the Order on this Wind Up Motion, Tsuren LLC has not submitted written

20 instructions to the Receiver as to the location for delivery of the Tsuren servers and

21 the payment for the shipping and delivery costs to that location

22

23 Dated: 11/12/2010           *Ronald M. Whyte*
                                   RONALD M. WHYTE
                                   United States District Judge

24

25

26

27

28

McKenna Long & Aldridge LLP
Attorneys At Law
Los Angeles